John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Robert E. Cohn
Justin A. Savage
Emily E. Kimball
HOGAN LOVELLS U.S. LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

*Attorneys for Defendant Frontier Airlines, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRRAM, INC., a corporation organized under the laws of the Commonwealth of Pennsylvania, Ms. Holly Bussey, Mr. William Lynch, Mr. Richard DeLello, Ms. Julie Power, Mr. John Giacobetti and Mrs. Jennifer Giacobetti, Ms. Deborah Leamann, Ms. Caroline Bondi, Ms. Delores Brienza, and Mr. Richard Wayne,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FEDERAL AVIATION ADMINISTRATION (FAA), the Mercer County Board of Chosen Freeholders, and Frontier Airlines, Inc.,<br><br>Defendants. | Civil Action No. 3:14-cv-02686<br><br>Hon. Joel A. Pisano, U.S.D.J.<br>Hon. Douglas E. Arpert, U.S.M.J.<br><br><br><br>Motion Date: September 15, 2014 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'s MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

## **TABLE OF CONTENTS**

                                                                         **Page**

INTRODUCTION ............................................................................................................... 1

RELEVANT BACKGROUND ........................................................................................... 2

STANDARD OF REVIEW ................................................................................................. 5

ARGUMENT ....................................................................................................................... 6

    I.      THIS COURT LACKS SUBJECT MATTER JURISDICTION. ................................6

    II.     PLAINTIFFS' CLAIM IS TIME-BARRED. ..................................................................9

    III.    NEPA PROVIDES NO BASIS TO ENJOIN FRONTIER, A PRIVATE
            COMMERCIAL CARRIER, FROM INCREASING THE LEVEL OF
            PASSENGER SERVICE TO THE TRENTON COMMUNITY. ................................10

CONCLUSION .................................................................................................................. 14

i

**TABLE OF AUTHORITIES**

Page

**CASES:**

Am. Soc'y of Travel Agents, Inc. v. Dep't of Transp.,
  02-1368, 2003 WL 1907977 (D.C. Cir. Apr. 17, 2003) ............................................................9

Arapahoe Cty. Pub. Airport Auth. v. FAA,
  242 F.3d 1213 (10th Cir. 2001) ..............................................................................................6

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ................................................................................................................5

Bellocchio v. New Jersey Dep't of Envtl. Protection,
  No. 13-cv-6244 (JBS/JS), __ F.Supp.2d __ 2014 WL 1464814
  (D.N.J. April 15, 2014) ................................................................................................ *passim*

Brown v. Montgomery Cnty.,
  470 F. App'x 87 (3d Cir. 2012) ..............................................................................................9

Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.,
  227 F.3d 62 (3d Cir.2000) .......................................................................................................5

City of Burbank v. Lockheed Air Terminals, Inc.,
  411 U.S. 624 (1973) ........................................................................................................11, 12

City of Elizabeth,
  2007 WL 4415054 .................................................................................................................9

Fleming v. U.S. Dep't of Transp.,
  348 F. App'x 736 (3rd Cir. 2009) ..........................................................................................7

Mortensen v. First Fed. Sav. & Loan Ass'n,
  549 F.2d 884 (3d Cir. 1977) ...................................................................................................5

Northwest Airlines v. County of Kent, Michigan,
  510 U.S. 355 (1994) ................................................................................................................6

Northwest, Inc. v. Ginsburg,
  134 S. Ct. 1422 (2014) ..........................................................................................................11

Oshiver v. Levin, Fishbein, Sedran & Berman,
  38 F.3d 1380 (3d Cir. 1994) ...................................................................................................6

Safe Extensions, Inc. v. FAA,
    509 F.3d 593 (D.C. Cir. 2007) ..................................................................................9

Sierra Club v. U.S. Dep't. of Transp.
    753 F.2d 120 (D.C. Cir. 1985) ..................................................................................7

Sima Products Corp. v. McLucas,
    460 F. Supp. 128 (N.D. Ill. 1978) ..............................................................................9

Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor,
    619 F.2d 231 (3d Cir. 1980) ....................................................................................10

United States v. Oakland Cannabis Buyers' Co-op,
    532 U.S. 483 (2001) ..........................................................................................11, 12

Virginia R. Co. v. Railway Employees,
    300 U.S. 515 (1937) ................................................................................................11

Young v. Johnson & Johnson,
    Civ.A. 11-4580 JAP, 2012 WL 1372286 (D.N.J. Apr. 19, 2012), aff'd,
    525 F. App'x 179 (3d Cir. 2013) ...........................................................................5, 6

**STATUTES:**

42 U.S.C. § 4332.............................................................................................................1, 10

42 U.S.C. § 4332(C) ............................................................................................................4

49 U.S.C. § 1486.............................................................................................................7, 9

49 U.S.C. § 1486(a) ............................................................................................................9

49 U.S.C. § 40101(a)(6)....................................................................................................11

49 U.S.C. § 40103(a) ..........................................................................................................7

49 U.S.C. § 41109(a)(2)(B) ..............................................................................................11

49 U.S.C. § 46110..............................................................................................................1

49 U.S.C. § 46110(a) ...........................................................................................1, 7, 8, 9

49 U.S.C. § 46610(a) ........................................................................................................10

Airline Deregulation Act of 1978 ........................................................................2, 11, 12

**Rules:**

Fed. R. Civ. P. 12(b)(1)................................................................................................5

Fed. R. Civ. P. 12(b)(6).............................................................................................5, 9

**Regulations:**

40 C.F.R § 1508.4........................................................................................................4

**Other Authorities:**

FAA "Environmental Impacts: Policies and Procedures," Order No. 1050.1E CHG1,
　§§ 308, 401l(1) (Mar. 20, 2006) ................................................................................4

## INTRODUCTION

Defendant Frontier Airlines, Inc. ("Frontier") respectfully moves to dismiss the Plaintiffs' complaint because it was filed in the wrong court at the wrong time and seeks improper relief. Plaintiffs challenge a September 25, 2012 order of the Federal Aviation Administration ("FAA") authorizing Frontier to provide commercial passenger service to the Trenton County Mercer Airport ("Trenton Airport" or "TTN"). Plaintiffs claim that the FAA violated a procedural statute, the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332, by purportedly failing to conduct a noise analysis of Frontier's aircraft operations.

Subject-matter jurisdiction over Plaintiffs' claim lies only in the U.S. Court of Appeals. Section 46110(a) of the Aviation Statute provides that persons may challenge FAA orders "in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides." 49 U.S.C. § 46110(a). As this Court explained recently in dismissing similar NEPA claims, "[c]ourts have interpreted 49 U.S.C. § 46110 as granting the courts of appeals exclusive jurisdiction to affirm, amend, modify or set aside orders of the FAA." <u>Bellocchio v. New Jersey Dep't of Envtl. Protection</u>, No. 13-cv-6244 (JBS/JS), __ F.Supp.2d __ 2014 WL 1464814, at *5 (D.N.J. April 15, 2014).

Plaintiffs' claim is also time-barred. In addition to vesting exclusive jurisdiction in the U.S. Court of Appeals, Section 46110 requires a challenge to an FAA order to be filed "not later than 60 days after the order is issued" unless a plaintiff demonstrates "reasonable grounds for not filing by the 60th day." 49 U.S.C. § 46110(a). The FAA order issued on September 25, 2012, and Frontier's scheduled service at Trenton began on November 19, 2012. According to the

1

Complaint, Plaintiffs wrote FAA on April 24, 2013 complaining about the alleged NEPA violations at issue from Frontier's service to TTN. (Compl ¶ 45 (citing Plaintiffs' Apr. 24, 2013 letter to FAA)). Yet Plaintiffs waited over a year after service began and nearly a year after it complained to FAA to file this lawsuit. There are no reasonable grounds for that protracted delay.

In any event, Plaintiffs have failed to state a claim against Frontier. NEPA only applies to federal agencies, not private parties. And enjoining Frontier's level of passenger flights to the Trenton community would be wholly at odds with the federal Airline Deregulation Act of 1978.

For these reasons, as discussed more fully below, Plaintiffs' claims should be dismissed for want of subject matter jurisdiction and for failure to state a claim.

## RELEVANT BACKGROUND

Enjoying its 20th year of operations, Frontier employs 3,900 aviation professionals and flies to more than 75 destinations in the United States, Costa Rica, the Dominican Republic and Jamaica. On November 19, 2012, Frontier began scheduled passenger service to Trenton Airport serving Orlando, Florida. A few days before the start of Frontier's Trenton-Orlando flights, on November 12, 2012, Frontier and Mercer County publicly announced that Frontier would expand its passenger service at Trenton Airport to include flights to Fort Lauderdale, Ft. Meyer, Tampa and New Orleans, beginning in early 2013. That service expansion announcement was covered in the local media. (Compl, Ex. 3, at 1-2, attaching a Princeton Patch article entitled "Frontier Airlines Announces Expansion at Trenton-Mercer Airport"). Frontier currently operates 62 weekly flights to and from the Trenton community to a variety of cities including, Atlanta,

Chicago, Cincinnati, Cleveland, Denver, Detroit, Fort Lauderdale, Ft. Meyers, Indianapolis, Minneapolis/St. Paul, Nashville, Orlando, Raleigh/Durham, St. Augustine, St. Louis, and Tampa. (Id. ¶ 37.)

Plaintiffs consist mostly of Bucks County residents who have long opposed commercial passenger service at Trenton Airport. The lead plaintiff is Bucks Residents for Responsible Airport Management, Inc. ("BRRAM"), an organization representing certain residents of Bucks County, Pennsylvania. (Id. ¶ 1.) Joining BRRAM are seven Bucks County, Pennsylvania residents and three Mercer County, New Jersey citizens. (Id. ¶¶ 3-10.)

In 2006, BRRAM and another of the Plaintiffs here, William Lynch, filed a NEPA challenge to FAA's approval of planned capital projects at TTN, which were purportedly intended to attract Southwest Airlines there as a carrier. That litigation was voluntarily dismissed by the plaintiffs because the planned capital projects were cancelled. Nonetheless, two facts about that prior litigation are relevant to this motion. First, as here, the plaintiffs in the 2006 litigation challenged FAA's alleged failure to analyze noise impacts from commercial passenger service at Trenton. Second, unlike this case, BRRAM filed its 2006 challenge in the U.S. Court of Appeals for the Third Circuit. (Compl. ¶¶ 23-31, Exs. 1-2).

Rather than timely filing this lawsuit in the U.S. Court of Appeals, Plaintiffs began writing letters to FAA. On April 24, 2013, five months after Frontier began service at TTN, Plaintiffs' counsel wrote to FAA to complain of "FAA's approval of Frontier Airlines and its actual and planned heavy usage of the Airport for commercial passenger service." (Compl, Ex. 4, at 2). Plaintiffs wrote that Frontier's service to TTN was "well underway, with more frequent service planned in the near future …." (Id.). The letter warned that, unless FAA conducted a

3

NEPA review of the alleged noise impacts from Frontier's service to Trenton, BRRAM "may have no alternative but to commence legal action a second time and seek a preliminary injunction in federal court." (Id. at 6).

On May 28, 2013, the FAA Regional Administrator replied to the letter from Plaintiffs' counsel. (Id. at ¶ 47, Ex. 6) The FAA explained that the agency had approved an amendment of Frontier's FAA issued Operations Specifications ("Ops Specs") to allow commercial passenger service to Trenton Airport. That Op Specs amendment did not require a NEPA review of noise because the agency determined that a "Categorical Exclusion" from the requirement to prepare a NEPA environmental analysis applied.[1] However, the FAA stated that it was "willing to undertake a noise analysis" of the Trenton Airport "to determine if mitigation is necessary." FAA expected to have the results of that noise analysis by mid-August 2013. (Id. ¶¶ 47, 49; see also id. Exhibit 4 and 6.).

Plaintiffs' counsel waited more than three months to reply to the FAA's May 28 letter. In an October 31, 2013 letter, Plaintiffs reiterated their demand for a full NEPA review of alleged noise issues at Trenton Airport.

---

1. NEPA is a procedural statute that requires federal agencies to prepare environmental impact statements before undertaking "major [f]ederal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(C). Categorical exclusions are actions that an agency has previously determined "do not individually or cumulatively have a significant effect on the human environment." 40 C.F.R § 1508.4. The FAA has determined that certain certification Op Specs amendments qualify as categorical exclusions. See FAA "Environmental Impacts: Policies and Procedures," Order No. 1050.1E CHG1, §§ 308, 401l(1) (Mar. 20, 2006), available at, http://www.faa.gov/documentLibrary/media/Order/Order1050.1ECHG1.pdf.

4

Nearly six months passed. Then, on April 28, 2014, a year and one-half after the FAA issued the Op Specs Amendment to Frontier authorizing service to Trenton, Plaintiffs filed this lawsuit. Plaintiffs name as defendants the FAA, the Mercer County Board of Chosen Freeholders and Frontier, alleging that FAA unlawfully failed to conduct a NEPA review of alleged noise impacts from the amendment to Frontier's Op Specs to allow passenger service to Trenton Airport.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may consider the pleadings and extrinsic evidence in deciding a motion to dismiss for lack of subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Frontier respectfully submits that the complaint and exhibits thereto show a lack of subject matter jurisdiction. However, "the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case." Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir.2000) (citing Mortensen, 549 F.2d at 891). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891. Plaintiffs bear the burden of proving that jurisdiction does in fact exist. Id. Plaintiffs have failed to meet that burden.

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. For a complaint to survive a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

5

complaint are true (even if doubtful in fact)." Young v. Johnson & Johnson, Civ.A. 11-4580 JAP, 2012 WL 1372286, at *2 (D.N.J. Apr. 19, 2012), aff'd, 525 F. App'x 179 (3d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (internal citations omitted). Matters of public record, orders, or exhibits attached to the complaint are deemed to be part of the complaint and can be properly considered without converting the motion to dismiss into one for summary judgment. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994).

## ARGUMENT

The Court should grant Frontier's motion to dismiss. Any challenge to FAA's approval of Frontier's service of Trenton Airport should have been filed in the United States Court of Appeals for either the Third Circuit or the DC Circuit within the 60-day statutory limitations period. Plaintiffs also fail to state a claim against Frontier because NEPA applies only to government agencies. NEPA does not authorize sweeping injunctions against private commercial carriers, particularly injunctions that would, as here, contravene federal aviation law.

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION.

Congress established a comprehensive federal administrative and judicial scheme governing airports and air transportation safety. The United States Supreme Court has emphasized that "the Secretary of Transportation [and the FAA by extension] is charged with administrating the Federal Aviation laws . . . . His department is equipped, as courts are not, to survey the field nationwide, and to regulate based on a full view of the relevant facts and

6

circumstances." Northwest Airlines v. County of Kent, Michigan, 510 U.S. 355, 367 (1994).  In "the arena of aviation regulation 'federal concerns are preeminent,' and the Department of Transportation, through the FAA, is statutorily mandated to represent those concerns." Arapahoe Cty. Pub. Airport Auth. v. FAA, 242 F.3d 1213, 1220-21 (10th Cir. 2001) (citation omitted)); cf. 49 U.S.C. § 40103(a) ("The United States Government has exclusive sovereignty of airspace of the United States.").

Consistent with the need for a uniform national aviation system, Congress vested the federal courts of appeal with exclusive jurisdiction over FAA orders.  Specifically, 49 U.S.C. § 46110(a), provides in pertinent part:

> [A] person disclosing a substantial interest in an order issued by … the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. (Emphasis added).

Here, Plaintiffs are challenging the FAA's order to amend Frontier's Op Specs to authorize commercial passenger service at Trenton Airport.  Compl. ¶ 54-62.  Pursuant to 49 U.S.C. § 46110(a) the U.S. Court of Appeals has *exclusive* jurisdiction to review that type of challenge.  The Third Circuit has held that district courts lack jurisdiction over challenges to FAA "when the resolution of plaintiff's claims in federal court requires an examination of the underlying FAA proceedings." Fleming v. U.S. Dep't of Transp., 348 F. App'x 736, 737 (3rd Cir. 2009).  Consistent with the Third Circuit's ruling, several courts have held that a variety of FAA actions fall within the exclusive ambit of 49 U.S.C. § 46110(a).  See, e.g., Bellochio, 2014 WL 1464814, at * 5 (projects pertaining to capacity enhancement, runway lengthening, and

7

airspace redesign are "aviation duties and powers designated to be carried out by the FAA Administrator" as stated in § 46110(a)); Sierra Club v. U.S. Dep't. of Transp. 753 F.2d 120, 121 (D.C. Cir. 1985) (challenging the FAA's amendment of Frontier Airlines' operations specifications and explaining that the court of appeals takes jurisdiction under 49 U.S.C. § 1486, the predecessor version of § 46110(a)).

As Judge Simandle recently explained, pursuant to § 46110(a), challenges to FAA orders pertaining to NEPA vests exclusively in the U.S. Court of Appeals.  See Bellocchio v. New Jersey Dep't of Envtl. Protection, No. 13-cv-6244 (JBS/JS), 2014 WL 1464814, at *5 (D.N.J. April 15, 2014) (collecting cases).  In Bellocchio, the plaintiffs challenged the FAA's decision regarding runway improvements and airspace redesign changes at the Philadelphia International Airport.  2014 WL 1464814, at *1.  The Bellocchio plaintiffs complained about the noise levels associated with air traffic changes and alleged that the FAA had violated NEPA in approving these projects by failing to assess the noise impact on plaintiffs' homes.  Id.  The court dismissed the complaint for lack of subject matter jurisdiction holding that "the decisions Plaintiffs challenge are final orders of the FAA subject to 49 U.S.C. § 46110(a)'s grant of exclusive jurisdiction to the courts of appeals."  Here, as in Bellocchio, Plaintiffs challenge the FAA's order, complaining that the FAA failed to properly assess noise impacts.  This lawsuit should be subject to the same result—dismissal.  Given the exclusive appellate jurisdiction provision of § 46110(a), this court lacks jurisdiction to review the FAA's order.

Plaintiffs are clearly aware that NEPA challenges to FAA must be timely-filed in the court of appeals.  Attached to their complaint is a petition for review that BRRAM and others filed in 2006 in the U.S. Court of Appeals for the Third Circuit.  (Compl. ¶ 23, Ex. 1).  That suit

8

was a similar NEPA challenge to an FAA order approving capital improvements at Trenton Airport that were purportedly designed to allow Southwest Airlines to commence service there. (Id.). Indeed, Plaintiffs characterize that 2006 litigation as raising "the same issue" as this case. (Compl. Ex. 4, at 2). But there is one key difference: Plaintiffs filed here in district court, in contravention of 49 U.S.C. § 46110(a). The complaint should be dismissed for want of subject matter jurisdiction.

## II. PLAINTIFFS' CLAIM IS TIME-BARRED.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint based on the statute of limitations where, as here, the face of the complaint makes apparent that a cause of action is time-barred. Brown v. Montgomery Cnty., 470 F. App'x 87, 90 (3d Cir. 2012). Challenges to a final FAA order must be filed with the U.S. court of appeals "not later than 60 days after the order is issued" unless there are "reasonable grounds for not filing by the 60th day." 49 U.S.C. § 46110(a); see also City of Elizabeth, 2007 WL 4415054 at *6 (§ 46110(a) challenge dismissed as time-barred because plaintiff filed well beyond the sixty-day period). When a party challenges the environmental impacts of FAA orders which are outside the statutory time-frame, those challenges are treated as untimely. Bellocchio, 2014 WL 1264814, at *6; see also Am. Soc'y of Travel Agents, Inc. v. Dep't of Transp., 02-1368, 2003 WL 1907977 (D.C. Cir. Apr. 17, 2003) (late-filed petition time-barred under 49 U.S.C. § 1486(a)).

Once the sixty-day time period has lapsed and plaintiffs are no longer permitted a challenge as of right, plaintiffs bear the burden to demonstrate reasonable grounds that would justify the filing of an untimely petition. Sima Products Corp. v. McLucas, 460 F. Supp. 128, 134 (N.D. Ill. 1978) aff'd, 612 F.2d 309 (7th Cir. 1980) (the "burden now rests on plaintiffs

9

should they decide to seek [untimely] review of the rule pursuant to 49 U.S.C. § 1486."); see e.g. Safe Extensions, Inc. v. FAA, 509 F.3d 593, 604 (D.C. Cir. 2007) (reasonable grounds demonstrated where petitioner presented credible evidence that the FAA told industry to ignore the order because it planned to issue a new one but subsequently did not).

Plaintiffs have no basis (and have not even attempted) to demonstrate reasonable grounds for delay. The FAA issued its order on September 25, 2012 and Frontier began public sales of its Trenton scheduled service soon thereafter. Frontier began scheduled flights at Trenton on November 19, 2012 and Plaintiffs admit in the complaint that they were aware that Frontier and Mercer County announced an expansion of Frontier's service to Trenton Airport in November 2012. (Compl. Ex. 3). In the April 24, 2013 letter to the FAA, Plaintiffs threatened to bring a preliminary injunction against the FAA for the alleged NEPA violations at issue. (Compl., Ex. 4 at 6). Plaintiffs, however, waited more than a year after its letter and nearly 18 months after Frontier's service began to file this lawsuit. No reasonable grounds exist for that delay.

### III. NEPA PROVIDES NO BASIS TO ENJOIN FRONTIER, A PRIVATE COMMERCIAL CARRIER, FROM INCREASING THE LEVEL OF PASSENGER SERVICE TO THE TRENTON COMMUNITY.

Plaintiffs seek to "enjoin[ ] Frontier Airlines from any increase or expansion of service beyond current levels at TTN until such time as the FAA has prepared, or caused to be prepared an Environmental Assessment (EA) which may result in the preparation of an Environmental Impact Statement (EIS) pursuant to the requirements of NEPA …." (Compl. Prayer for Relief, ¶ 1).

Plaintiffs' claim for injunctive relief against Frontier Airlines fails for two reasons. First, NEPA applies only to "agencies of the Federal Government." 42 U.S.C. § 4332. In Bellocchio,

this Court dismissed another private party, the City of Philadelphia, as an improper defendant in a NEPA suit against the FAA for certain actions taken at the Philadelphia International Airport. No. 13-6244, 2014 WL 1464814, at *7.  "The City of Philadelphia is not an entity regulated by NEPA, 42 U.S.C. § 4332, and as discussed above, the projects about which Plaintiffs complain were reviewed and approved by FAA and subject to the exclusive review provision of 49 U.S.C. § 46610(a)."  Id.  The same reasoning applies to Frontier Airlines, requiring dismissal of Plaintiffs' NEPA claim.  See also Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor, 619 F.2d 231, 239 (3d Cir. 1980) (only reviewing NEPA claims against a federal agency and explaining that claims against private operators "add[s] nothing of substance to the charge that [NEPA] has been violated.").

Second, Plaintiffs' request that this Court enjoin Frontier from increasing service to Trenton would contradict the Airline Deregulation Act of 1978 ("ADA"), 92 Stat. 1705, and the free-market policy embedded in that law.  Courts "sitting in equity cannot 'ignore the judgment of Congress, deliberately expressed in legislation.'"  United States v. Oakland Cannabis Buyers' Co-op, 532 U.S. 483, 498 (2001) (quoting Virginia R. Co. v. Railway Employees, 300 U.S. 515, 551 (1937)).

In overseeing the national aviation system, Congress charged the FAA with maintaining "a delicate balance between safety and efficiency and the protection of persons on the ground." City of Burbank v. Lockheed Air Terminals, Inc., 411 U.S. 624, 638-39 (1973).  As part of that balance, FAA retains safety authority to regulate the location in the airspace aircraft can fly, but not the routes to be served.  Specifically, the ADA prohibits the federal government from regulating the rates, routes and services of airlines in order to allow those aspects of air

transportation to be served by market forces.  The ADA's stated "Policy" is "placing maximum reliance on competitive market forces and on actual and potential competition (A) to provide the needed air transportation system …" 49 U.S.C. § 40101(a)(6).  See generally Northwest, Inc. v. Ginsburg, 134 S. Ct. 1422, 1428 (2014) (providing background on the ADA).  Once authorized by the Department of Transportation (which issues economic licenses) and FAA (which issues safety licenses), under the ADA, airlines are free to determine the routes they serve and at what levels.  Indeed, the ADA prohibits the FAA from regulating such decisions: "The Secretary of Transportation …(B) may not prescribe a term preventing an air carrier from adding or challenging schedules, equipment, accommodations, and facilities for providing the authorized transportation to satisfy business development and public demand." 49 U.S.C. § 41109(a)(2)(B).  Consistent with that proscription, the FAA's letter to Plaintiffs explained, "[o]nce an airport has been added the airline's Op Specs, under the Airline Deregulation Act of 1978, the airline is free to determine the level of service provided at that airport without any further FAA approval." (Compl. Ex. 6, at 1).

Plaintiffs' request for an injunction against Frontier increasing service at TTN conflicts with federal aviation law.  Plaintiffs would put the Court in the position of deciding the proper number of local flights, a decision that Congress left to market forces, rather than FAA and the courts.  See Oakland Cannabis Buyers' Co-op, 532 U.S. at 497 ("A district court cannot … override Congress' policy choice, articulated in a statute, as to what behavior should be prohibited.").

Enjoining aircraft flights due to alleged local noise concerns would be particularly inappropriate in the national aviation system.  It would open the door to a patchwork of differing

12

noise restrictions requested by aggrieved local groups, risking ripple effects at airports nationwide.  See City of Burbank, 411 U.S. at 639 (holding that federal aviation law preempted a local noise ordinance that restricted flight times because "it is obvious that fractionalized control of the timing of takeoffs and landings would severely limit the flexibility of FAA in controlling traffic flow.").

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs' Complaint should be dismissed with prejudice.

Dated: August 18, 2014

Respectfully submitted,

s/John E. Flaherty
John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Robert E. Cohn
Justin A. Savage
Emily E. Kimball
HOGAN LOVELLS U.S. LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

*Attorneys for Defendant Frontier Airlines, Inc.*