**ARTHUR R. SYPEK, JR.**
**MERCER COUNTY COUNSEL**
640 South Broad Street
McDade Administration Building
Trenton, New Jersey  08650
(609)989-6511
By: Paul R. Adezio, Deputy County Counsel
Attorney(s) for Defendant Mercer County Board of Chosen Freeholders

## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| BRRAM, INC., a corporation organized under the laws of the Commonwealth of Pennsylvania, et al., | : CIVIL ACTION NO. 14-2686(JAP) |
| Plaintiffs, | : Civil Action |
| v. | : |
| UNITED STATES FEDERAL AVIATION ADMINISTRATION (FAA), MERCER COUNTY BOARD OF CHOSEN FREEHOLDERS, and FRONTIER AIRLINES, INC., | : |
| Defendants. | : DOCUMENT FILED : ELECTRONICALLY |

BRIEF IN SUPPORT OF DEFENDANT MERCER COUNTY BOARD OF CHOSEN FREEHOLDERS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

On the brief:
    Paul R. Adezio, Deputy County Counsel    Motion return date:
    Joseph P. Blaney, Assistant County Counsel    September 15, 2014

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................1

STATEMENT OF FACTS .......................................................................................3

LEGAL ARGUMENT ..............................................................................................4

    A.  Standard of review ........................................................................................4

        i.  Fed. R. Civ. P.12(b)(1) ........................................................................ 4

        ii.  Fed. R. Civ. P.12(b)(6) ......................................................................5

    B.  The Freeholder Board is an improper party ................................................6

    C.  The FAA is the proper party for any requested relief ................................7

    D.  The Plaintiffs have chosen the incorrect court ...........................................8

    E.  The present action is time-barred ...............................................................9

CONCLUSION .......................................................................................................10

## TABLE OF AUTHORITIES

## **CASES**

Ashcroft v. Iqbal, 556 U. S. 662 (2009) ..................................................................6

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) .............................................6

Bellocchio v. New Jersey Dep't. of Envtl. Protection,
2014 WL 1464814 (D.N.J. 2014) ......................................................................7, 9

Cardio- Med. Associates v. Crozier-Chester Med. Center,
721 F. 2d 68 (3d Cir. 1983) ....................................................................................4

Citizens Against Burlington, Inc. v. Busey, 938 F. 2d 190 (D.C. Cir. 1991)............8

City of Elizabeth v. Blakey, 2007 WL 4415054 (D.N.J. 2007) ...............................8

Fleming v. U.S. Dep't. of Transport., 348 F. Appx. 736 (3d Cir. 2009)...................9

Hassler v. Sovereign Bank, 644 F. Supp. 2d 509 (D.N.J. 2000),
*aff'd.* 2010 U.S. LEXIS 5445 (3d Cir. 2010)...........................................................5

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997) .................5

Jones v. United States, 625 F. 3d 827 (5th Cir. 2010),
*cert. denied* 2011 U.S. LEXIS 4838 (2011) ............................................................9

K. J. v. Div. of Youth and Family Servs., 363 F.Supp. 2d 728 (D.N.J. 2005)........5

Licata v. U.S, Postal Serv., 33 F. 3d 25 (3d Cir. 1994) ............................................4

Maio v. Aetna, Inc., 221 F.3d 472 (3d Cir. 2000) .....................................................5

McCaughey v. Unum Provident Corp., 2004 WL 792366 (E. D. Pa. 2004).............7

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380 (3d Cir. 1994) .........5

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
998 F. 2d 1192 (3d Cir. 1993)..................................................................................5

Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F. 3d 213 (3d Cir. 2003).....5

Town of Cave Creek, Arizona v. FAA, 325 F. 3d 320 (D.C. Cir. 2003) ..................8

W. Penn Allegheny Health System, Inc. v. UPMC,
627 F. 3d 85 (3d Cir. 2010)......................................................................................6

## STATUTES AND RULES

42 U.S.C. § 4321 ......................................................................................................1

42 U.S.C. § 4332 ......................................................................................................6

49 U. S. C. § 40103 ..................................................................................................7

49 U. S. C. § 46110(a) .........................................................................................8, 9

Fed. R. Civ. P. 12(b)(1) .....................................................................................4, 10

Fed. R. Civ. P. 12(b)(6) .................................................................................4, 5, 10

N.J.S.A. 40:41A-1 ....................................................................................................6

PRELIMINARY STATEMENT

Plaintiffs BRRAM, Inc., a corporation organized under the laws of the Commonwealth of Pennsylvania, Holly Bussey, William Lynch, Richard DeLello, Julie Power, John Giacobetti and Jennifer Giacobetti, Deborah Leamann, Caroline Bondi, Delores Brienza and Richard Wayne ("Plaintiffs") have filed a complaint against several Defendants, including the improperly named Defendant Mercer County Board of Chosen Freeholders ("Freeholder Board"). The litigation centers on the Plaintiffs' concern with the operations of co-defendant Frontier Airlines, Inc. ("Frontier") at the Trenton-Mercer Airport ("Airport"), a transportation facility located in Ewing Township, Mercer County, New Jersey, that is owned and operated by the County of Mercer, a body politic of the State of New Jersey.

The Plaintiffs seek to challenge a September 25, 2012 Order of co-defendant United States Federal Aviation Administration ("FAA") which authorized Frontier to provide commercial passenger service at the Airport. In the Complaint, the Plaintiffs allege that the FAA failed to conduct a noise analysis of Frontier's aircraft operations, thereby violating the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. ("NEPA"). The Plaintiffs seek an Order to enjoin Frontier's expansion of services at the Airport, and the Freeholder Board's actions concerning Frontier's services, until such time as the FAA undertakes further investigation.

To the extent that the Complaint can be read as alleging any affirmative actions against the Freeholders, the Freeholder Board now moves to dismiss the Complaint for the following reasons: (i) any alleged violation of the NEPA is directed to the FAA only, and not the Freeholder Board; (ii) the Complaint is filed in the wrong court, as subject matter jurisdiction concerning any alleged violation of NEPA is properly brought in the U.S. Court of Appeals; and (iii) the Plaintiffs' allegations are timed-barred, as NEPA sets forth a clear timeframe within which any such challenge must be commenced, and the Plaintiffs are well out of time. For the foregoing reasons, the Plaintiffs' Complaint should be dismissed with prejudice due to the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted as to the Freeholder Board.

## STATEMENT OF FACTS

The Freeholder Board will rely upon the *Relevant Background* section of the brief filed in support of Frontier's motion to dismiss the Plaintiffs' Complaint.

## LEGAL ARGUMENT

**A. Standard of review**

The Freeholder Board requests that this Court dismiss Plaintiffs' cause of action in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and as the Complaint fails to state a claim for which relief can be granted as to the Freeholder Board. In light of the explicit statutory restrictions against bringing the untimely action against the Freeholder Board in the United States District Court, granting leave to amend the pleading will serve no purpose.

    *i.*    *Fed. R. Civ. P.12(b)(1)*

Fed. R. Civ. P. 12(b)(1) addresses the basic premise with regard to an action: whether the Court has subject matter jurisdiction to hear the matter? A motion to dismiss the Complaint for lack of subject matter jurisdiction prior to filing an Answer is considered a "facial challenge", rather than a "factual challenge", to a Court's jurisdiction. Cardio- Med. Associates v. Crozier-Chester Med. Center, 721 F. 2d 68, 75 (3d Cir. 1983). In such a circumstance, the Complaint must "taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Licata v. U.S, Postal Serv., 33 F. 3d 259, 260 (3d Cir. 1994).

4

    *ii.*    *Fed. R. Civ. P. 12(b)(6)*

Fed. R. Civ. P. 12(b) (6) provides that a party may assert the defense of "failure to state a claim upon which relief can be granted" by motion and, in fact, such motion must be made before filing a responsive pleading. Such a motion to dismiss is proper if "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997), *quoted in* Maio v. Aetna, Inc., 221 F.3d 472, 481 – 482 (3d Cir. 2000); *see also*, K. J. v. Div. of Youth and Family Servs., 363 F.Supp. 2d 728, 737 – 736 (D.N.J. 2005).

"Under Federal Rule of Civil Procedure 12(b)(6), the court must accept the facts set out in the complaint. However a defendant may supplement the complaint by adding exhibits such as public records and other indisputably authentic documents underlying the plaintiff's claims." Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F. 3d 213, 216 (3d Cir. 2003), *quoted in* Hassler v. Sovereign Bank, 644 F. Supp. 2d 509, 514 (D.N.J. 2000), *aff'd.* 2010 U.S. LEXIS 5445 (3d Cir. 2010). Supplementing the record in this fashion will not convert the motion to dismiss into one for summary judgment. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1385 (3d Cir. 1994). *See generally*, Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F. 2d 1192, 1196 (3d Cir.

1993). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A] complaint must contain factual allegations that, taken as a whole, render the plaintiff's entitlement to relief plausible." W. Penn Allegheny Health System, Inc. v. UPMC, 627 F. 3d 85, 98 (3d Cir. 2010). Legal conclusions are not assumed to be true, as "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U. S. 662, 678 (2009).

### B. The Freeholder Board is an improper party.

The Freeholder Board represents the legislative branch of the County form of government. N.J.S.A. 40:41A – 1 et seq. As such, the Freeholder Board, although possessing important statutory powers, is not the proper party with regard to litigation involving operations at the Airport. Rather, the County of Mercer, a body politic of the State of New Jersey, and the owner and operator of the Airport, should be substituted in place of the Freeholder Board in the Complaint.

More importantly, NEPA applies only to agencies of the federal government, such as the FAA. 42 U.S.C. § 4332. The Freeholder Board (nor the County of Mercer) is not a federal government agency, and it follows, is not an entity that is regulated by NEPA. As such, all claims against the Freeholder Board

involving NEPA must be dismissed with prejudice. Bellocchio v. New Jersey Dep't. of Envtl. Protection, 2014 WL 1464814 (D.N.J. 2014).

**C. The FAA is the proper party for any requested relief.**

49 U. S. C. § 40103 provides in pertinent part as follows:

(a)(1) The United States Government has exclusive sovereignty of airspace of the United States.
\*\*\*\*\*
(b)(1) The Administrator of the Federal Aviation Administration shall develop plans and policy for the use of the navigable airspace and assign by regulation or order the use of the airspace necessary to ensure the safety of aircraft and the efficient use of airspace. The Administrator may modify or revoke an assignment when required in the public interest.

It is evident from the Complaint and the attachments thereto that the FAA, and not the Freeholder Board, is the entity that undertook certain reviews and issued certain orders or regulations regarding the use of the Airport. Any allegations made by the Plaintiffs against the Freeholder Board arise solely from the FAA's prior actions with respect to the Airport and Frontier's operations at the Airport. Therefore, the Freeholder Board should be dismissed from the present litigation. "Where a plaintiff has mistakenly accused an improper defendant of the actions of a third - party, courts have dismissed the complaint." McCaughey v. Unum Provident Corp., No. Civ. A. 03 – 6571, 2004 WL 792366, at 1-2 (E.D. Pa. March 19, 2004).

When an action is brought claiming an entitlement to injunctive relief

regarding air flight patterns, or related issues, the proper party is the FAA. City of Elizabeth v. Blakey, No. 07 – 424, 2007 WL 4415054 (D.N. J. 2007) (action against the FAA with respect to noise caused by a redesign project at Newark (NJ) Liberty International Airport); Town of Cave Creek, Arizona v. FAA, 325 F. 3d 320 (D.C. Cir. 2003) (noise complaints regarding air traffic patterns at Phoenix (AZ) Sky Harbor International Airport); Citizens against Burlington, Inc. v. Busey, 938 F. 2d 190 (D.C. Cir. 1991) (litigation regarding noise from the expansion of the Toledo (OH) Express Airport).

The FAA has exclusive jurisdiction of the airspace over the homes of the complaining individual Plaintiffs.

### D. The Plaintiffs have chosen the incorrect court.

The United States Court of Appeals, not the United States District Court, is the proper judicial arena for the present action, which seeks to challenge a FAA order:

> …a person disclosing a substantial interest in an order issued by… the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator… may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of interest.  The petition must be filed not later than 60 days after the order is issued.  The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

49 U.S.C. § 46110(a).

The Plaintiffs are challenging the FAA's order regarding Frontier's operations at the Airport. The United States Court of Appeals has exclusive jurisdiction to review and act upon the Plaintiffs' action. *See generally*, Bellocchio v. NJDEP, et al., *supra*; Jones v. United States, 625 F. 3d 827 (5th Cir. 2010), *cert. denied* 2011 U.S. LEXIS 4838 (2011); Fleming v. U.S. Dep't. of Transport., 348 F. Appx. 736, 737 (3d Cir. 2009) (district court lacks subject matter jurisdiction over examination of FAA proceedings).

### E. The present action is time-barred.

The Plaintiffs filed the present action on or about April 28, 2014. The actions alleged in the Complaint relate to a 2006 FAA order, and the federal agency's 2012 authorization to Frontier for certain operations at the Airport. The Plaintiffs' action is time-barred due to their collective delay in taking any action with respect to FAA's actions.

A petition to review a final order of the FAA must be filed with the United States Court of Appeals not later than 60 days after the order is issued. A late filing may be permitted only if the Court finds "there are reasonable grounds for not filing by the 60th day." 49 U.S.C. § 46110(a). Here, the Complaint was filed well after the 60- day period had expired, and the Plaintiffs cannot provide any sustainable explanation which would justify this delay. It follows that the present action should be dismissed as untimely.

## CONCLUSION

For the reasons stated above, Defendant Mercer County Board of Chosen Freeholders respectfully requests that this Court dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Dated August 18, 2014                    /s/     Paul R. Adezio
                                         Paul R. Adezio
                                         Deputy County Counsel

                                         /s/     Joseph P. Blaney
                                         Joseph P. Blaney
                                         Assistant County Counsel

                                         County of Mercer
                                         640 South Broad Street
                                         P.O. Box 8068
                                         Trenton, New Jersey 08650-0068
                                         Attorneys for Defendant Mercer County
                                         Board of Chosen Freeholders