```
PAUL J. FISHMAN
United States Attorney
By: J. ANDREW RUYMANN
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, New Jersey 08608
(609) 989-2190
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRRAM, INC., et al., | : |
| | : |
| Plaintiffs, | : Hon. Joel A. Pisano |
| | : |
| v. | : Civ. Action No. 14-2686(JAP) |
| | : |
| UNITED STATES FEDERAL | : |
| AVIATION ADMINISTRATION, | : |
| et al., | : |
| | : |
| Defendants. | : Document Electronically Filed |
| | : |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

**Motion Returnable September 15, 2014**

TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                  ii

INTRODUCTION                                                           1

AMENDMENT OF FRONTIER'S OPERATION SPECIFICATIONS                       3

PLAINTIFFS' COMPLAINT CHALLENGING THE FAA'S DECISION
AUTHORIZING FRONTIER TO PROVIDE SERVICE TO TRENTON
AIRPORT                                                                5

ARGUMENT                                                               7

    A.  The Court lacks subject matter jurisdiction
    because the courts of appeals have exclusive
    jurisdiction to review final orders of the FAA.          7

    B.  The Complaint should be dismissed pursuant to
    Fed. R. Civ. P. 12(b)(6) because plaintiffs' claims
    are time-barred.                                          12

CONCLUSION                                                            14

TABLE OF AUTHORITIES

Cases

Aerosource, Inc. v. Slater,
    142 F.3d 572 (3d Cir. 1998) ........................... 10

Anselma Crossing L.P. v. U.S. Postal Serv.,
    637 F.3d 238 (3d Cir. 2011) ........................... 11

Avia Dynamics v. Federal Aviation Administration,
    641 F.3d 515 (D.C. Cir. 2011) ......................... 13

Bellocchio v. New Jersey Dept. of Environmental Prot.,
    2014 WL 1464814 (D.N.J. April 15, 2014) ............ 9, 12

Block v. North Dakota,
    461 U.S. 273 (1983) ................................... 11

California Save Our Streams Council v. Yeutter,
    887 F. 2d 908 (9th Cir. 1989) ......................... 11

CEC Energy Co. Inc. v. Pub. Serv. Comm'n of Virgin Islands,
    891 F.2d 1107 (3d Cir. 1989) .......................... 10

City of Alexandria v. Helms,
    728 F.2d 643 (4th Cir. 1984) .......................... 11

City of Elizabeth v. Blakey,
    2007 WL 4415054 (D.N.J. Dec. 14, 2007) ................ 10

City of Rochester v. Bond,
    603 F.2d 927 (D.C. Cir. 1979) ......................... 11

Communities Against Runway Expansion v. FAA,
    355 F.3d 678 (D.C. Cir. 2004) ......................... 11

Fed. Trade Comm'n v. Standard Oil Co. of Cal.,
    449 U.S. 232 (1980) ................................... 10

Fleming v. U.S. Dept. of Transp.,
    348 Fed. Appx. 736 (3d Cir. 2009) .................. 7, 9

Friends of Richards-Gebaur Airport v. FAA,
    251 F.3d 1178 (8th Cir. 2001) .......................................... 8

Greater Orlando Aviation Authority v. FAA,
    939 F.2d 954 (11th Cir. 1991) .......................................... 13

Jones v. United States,
    625 F.3d 827 (5th Cir. 2010) ........................................... 7

National Air Transportation Ass'n v. McArtor,
    866 F.2d 483 (D.C. Cir. 1989) .......................................... 13

Reder v. Administrator, FAA,
    116 F.3d 1261 (8th Cir. 1997) .......................................... 13

Safe Extensions, Inc. v. Federal Aviation Administration,
    509 F.3d 593 (D.C. Cir. 2007) .......................................... 13

Sierra Club v. U.S. Dept. of Transp.,
    753 F.2d 120 (D.C. Cir. 1985) .......................................... 8

Sima Prods. Corp. v. McLucas,
    612 F.2d 309 (7th Cir. 1980) ........................................... 8

St. John's United Church of Christ v. City of Chicago,
    502 F.3d 616 (7th Cir. 2007) ........................................... 7

Solar Turbines, Inc. v. Seif,
    879 F.2d 1073 (3d Cir. 1989) ........................................... 10

Statutes

| | |
|---|---|
| 5 U.S.C. § 701 et seq. | 1 |
| 28 U.S.C. § 1331 | 10 |
| 42 U.S.C. § 4332, National Environmental Policy Act | Passim |
| 49 U.S.C. § 1486 | 8 |
| 49 U.S.C. § 40104 | 3 |
| 49 U.S.C. § 44705 | 3, 4 |
| 49 U.S.C. § 46110 | 2, 7, 9, 12 |

Regulations and Federal Rules of Civil Procedure

| | |
|---|---|
| 14 C.F.R. § 119.5(g)(1) | 3 |
| 14 C.F.R. § 119.49(a)(4) | 4 |
| 14 C.F.R. § 119.49(g)-(j) | 4 |
| 14 C.F.R. § 119.51(a) | 4 |
| Fed. R. Civ. P. 12(b)(1) | 1, 2, 9 |
| Fed. R. Civ. P. 12(b)(6) | 3, 12 |

INTRODUCTION

Defendant, United States Federal Aviation Administration ("FAA"), respectfully submits this Memorandum in support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiffs, a Pennsylvania non-profit corporation and ten individuals who live or work beneath the path of flights from and into Trenton-Mercer County Airport ("Trenton Airport"), challenge the FAA's decision authorizing Frontier Airlines, Inc. ("Frontier") to provide commercial passenger service to Trenton Airport. Plaintiffs assert that the FAA violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332, by allegedly failing to perform a comprehensive environmental impact analysis, including a noise analysis, prior to approving Frontier's expansion of operations to Trenton Airport.  In addition to the FAA, plaintiffs name Frontier and the Mercer County Board of Chosen Freeholders ("Mercer County"), identified as the owners of Trenton Airport, as defendants.

By their Complaint, which purports to be an action brought under NEPA, federal regulations and the Administrative Procedures Act, 5 U.S.C. § 701, et seq., plaintiffs seek an order from this Court 1) enjoining Frontier from any increase or expansion of service beyond current service levels at Trenton Airport until the FAA has prepared an environmental assessment pursuant to NEPA, 2) enjoining Mercer

County from taking any action which would enable or facilitate Frontier's increase or expansion of service at Trenton Airport until the requirements of NEPA are satisfied and 3) compelling the FAA to prepare an environmental assessment addressing the full range of environmental impacts resulting from Frontier's use of Trenton Airport.

The claims against the FAA should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Congress has provided that persons who are aggrieved by final actions of the FAA "may apply for review" in the "United States Court of Appeals for the District of Columbia Circuit" or "in the court of appeals of the United States for the circuit in which the person resides." 49 U.S.C. § 46110. Courts have consistently interpreted this statute as providing exclusive jurisdiction over these types of challenges in the courts of appeals, and not the district courts. See Argument A, infra. In addition, even if this Court had jurisdiction, the Complaint is untimely because Congress has provided that a petition for review must be filed within 60 days of the FAA's final action, unless the plaintiff provides a reasonable basis for waiting more than 60 days. See 49 U.S.C. § 46110. Plaintiffs here have provided no reasonable basis for waiting approximately a year and one-half after the FAA authorized Frontier

to service Trenton before filing suit.  Thus, the Complaint, in addition to being in the wrong court, is untimely and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  <u>See</u> Argument B, <u>infra</u>.

Defendant FAA relies upon this Memorandum and the Declaration of Bruce A. Montigney, Manager of the FAA's Flight Standards District Office in Indianapolis, Indiana, and the exhibits thereto.

<u>AMENDMENT OF FRONTIER'S OPERATION SPECIFICATIONS</u>

The FAA is charged with encouraging the development of civil aeronautics and the safety of air commerce in the United States.  49 U.S.C. § 40104.  The FAA is required to issue an operating certificate to an airline when it "finds, after investigation, that the person properly and adequately is equipped and able to operate safely under this part and regulations and standards prescribed under this part." 49 U.S.C. § 44705.  An operating certificate also specifies "terms necessary to ensure safety in air transportation; and (2)…the places to and from which, and the airways of the United States over which, a person may operate as an air carrier."  <u>Id.</u>  Also included in air carrier certificates is a stipulation that the air carrier's operations must be conducted in accordance with the provisions and limitations specified in operations specifications ("OpSpecs").  14 C.F.R. § 119.5(g)(l).  The regulations

3

implementing 49 U.S.C. § 44705 specify that an air carrier's approved OpSpecs must include, among other things, "each regular and alternate airport to be used in scheduled operations". 14 C.F.R. § 119.49(a)(4). An air carrier may not conduct any operation without having approved OpSpecs or in violation of those approved OpSpecs, including operating to/from an airport not listed on its OpSpecs. 14 C.F.R. § 119.5(g)-(j). The FAA may approve a carrier's request to amend its OpSpecs if the FAA "determines that safety in air commerce and the public interest allows the amendment." 14 C.F.R. § 119.51(a).

Frontier is, and was during the relevant period encompassed by the Complaint, the holder of an Air Carrier certificate and OpSpecs issued pursuant to 49 U.S.C. § 44705 and authorized to conduct operation under part 121 of the Federal Aviation Regulations (FARs). (Montigney Dec., paras. 2-3). By a letter dated September 19, 2012, Frontier sought an amendment to its OpSpecs to permit it to operate at Trenton Airport. Frontier made this request to the Flight Standards District Office located in Indianapolis, Indiana (Indianapolis FSDO), which is primarily responsible for administering its Air Carrier certificate. (Montigney Dec., para. 10 and Ex. A).

On September 25, 2012, after determining that Frontier could safely provide regular scheduled service at Trenton Airport, the FAA approved an amendment to Frontier's OpSpecs to include Trenton Airport. (Montigney Dec., para. 11 and Ex. B). Once Frontier's OpSpecs were approved to permit it to operate at Trenton Airport, Frontier was free to determine which other airports approved in its OpSpecs it will serve from Trenton Airport, as well as the number of flights it will provide. Those matters are considered by the FAA to be business decisions made by the carrier without FAA involvement. (Montigney Dec., para. 11).

### PLAINTIFFS' COMPLAINT CHALLENGING THE FAA'S DECISION AUTHORIZING FRONTIER TO PROVIDE SERVICE TO TRENTON AIRPORT

Plaintiffs, who claim to be injured by the noise and other pollution caused by Frontier's operations at Trenton Airport, (Complaint, para. 44), assert that the FAA violated NEPA by allegedly failing to perform a comprehensive environmental impact analysis, including a noise analysis, prior to approving Frontier's expansion of operations to Trenton Airport. (Complaint, para. 14). Plaintiffs assert that the FAA's approval of an amendment to a carrier's OpSpecs is a major Federal action requiring "the commencement of an Environmental Assessment (EA) and NEPA compliance." (Complaint para. 54). Plaintiffs allege that the FAA did not engage in the required assessment because it determined that

5

the approval of Frontier's amended OpSpecs was subject to a "Categorical Exclusion" from the requirements of NEPA and properly excluded from any environmental impact analysis. (Complaint, paras. 49-50). The Complaint asserts, in the lawsuit's only claim, that the FAA's decision to grant such an exclusion and to approve Frontier's amended OpSpecs authorizing operations at Trenton Airport violated NEPA, contravenes the FAA's own regulations and is arbitrary and capricious. (Complaint, p. 12, paras. 53-62).

As relief, plaintiffs seek an order from this Court 1) enjoining Frontier from any increase or expansion of service beyond current service levels at Trenton Airport until the FAA has prepared an environmental assessment pursuant to NEPA, 2) enjoining Mercer County from taking any action which would enable or facilitate Frontier's increase or expansion of service at Trenton Airport until the requirements of NEPA are satisfied and 3) compelling the FAA to prepare an environmental assessment addressing the full range of environmental impacts resulting from Frontier's use of Trenton Airport. (Complaint, pp. 14-15).

ARGUMENT

**A. The Court lacks subject matter jurisdiction because the courts of appeals have exclusive jurisdiction to review final orders of the FAA.**

Title 49 U.S.C. § 46110(a) provides, in pertinent part:

> [A] person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the . . . Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator) in whole or in part under this part [or part B] . . . *may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business*. The petition must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

49 U.S.C. § 46110(a) (emphasis added).

Since at least 1979, courts have recognized that this statute, and its predecessor, create exclusive jurisdiction in the courts of appeals to review final orders of the FAA. See, e.g., Jones v. United States, 625 F.3d 827, 829 (5th Cir. 2010) ("Section 46110(a) of the Federal Aviation Act vests the exclusive jurisdiction over challenges to FAA orders in certain United States Courts of Appeals"); Fleming v. U.S. Dept. of Transp., 348 Fed. Appx. 736, 737 (3d Cir. 2009) ("the courts of appeals have exclusive jurisdiction to affirm, amend, modify, or set aside orders of the FAA") (citing 49 U.S.C. § 46110); St. John's United Church of Christ v. City of Chicago, 502 F.3d 616,

630 (7th Cir. 2007) (holding that plaintiffs' NEPA challenge to FAA record of decision "falls within the exclusive jurisdiction of the court of appeals"); Friends of Richards-Gebaur Airport v. FAA, 251 F.3d 1178, 1184 (8th Cir. 2001) ("a court of appeals reviewing a petition for judicial review of an order of the FAA has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order"); Sierra Club v. U.S. Dept. of Transp., 753 F.2d 120, 121 (D.C. Cir. 1985)(challenging the FAA's amendment of Frontier Airlines' operations specifications and explaining that the court of appeals takes jurisdiction under 49 U.S.C. § 1486, the predecessor version of § 46110(a)); Sima Prods. Corp. v. McLucas, 612 F.2d 309, 313 (7th Cir. 1980) (affirming district court dismissal of complaint for lack of jurisdiction where plaintiffs challenged FAA regulations, explaining that "coherence and economy are best served if courts of appeals exercise their exclusive jurisdiction over final agency actions"); City of Elizabeth v. Blakey, 2007 WL 4415054, at *3 (D.N.J. Dec. 14, 2007) (dismissing complaint where plaintiff alleged that FAA violated NEPA because "the Court of Appeals has exclusive jurisdiction to review final orders [of the FAA]").

"As numerous courts have held, when the resolution of a plaintiff's claims in federal court requires an examination of the underlying FAA proceedings, the district courts lack subject matter

8

jurisdiction over any such claims." Fleming, 348 Fed. Appx. at 737. This premise is well-settled and was recently followed by this Court in Bellocchio v. New Jersey Dept. of Environmental Protection, 2014 WL 1464814 (D.N.J. April 15, 2014), where Chief Judge Simandle found, in granting the FAA's Rule 12(b)(1) motion, that a NEPA challenge to FAA decisions concerning various projects at the Philadelphia International Airport implicated final orders of the FAA subject to 49 U.S.C. § 46110(a)'s grant of exclusive jurisdiction to the courts of appeals. Bellocchio, 2014 WL 1464814, at *5.

Here, plaintiffs' challenge to the FAA's approval of the amendment to Frontier's OpSpecs implicates a final order of the FAA. The FAA's decision was a final order within the meaning of 49 U.S.C. § 46110(a).

The Third Circuit Court of Appeals has considered the following five factors in assessing finality: "1) whether the decision represents the agency's definitive position on the question; 2) whether the decision has the status of law with the expectation of immediate compliance; 3) whether the decision has immediate impact on the day-to-day operations of the party seeking review; 4) whether the decision involves a pure question of law that does not require further factual development; and 5) whether immediate judicial review would speed enforcement of the relevant act." CEC Energy Co.,

9

Inc. v. Pub. Serv. Comm'n of Virgin Islands, 891 F.2d 1107, 1110 (3d Cir. 1989) (citing Solar Turbines, Inc. v. Seif, 879 F.2d 1073, 1080 (3d Cir. 1989) (citing Fed. Trade Comm'n v. Standard Oil Co. of Cal., 449 U.S. 232 239-40 (1980)). The Third Circuit's finality assessment comports with the Supreme Court's determination of indicia of finality: "a definitive statement of the agency's position which has a direct and immediate effect on the petitioner's day-to-day operations, which has the status of law, and of which immediate compliance is expected." Aerosource, Inc. v. Slater, 142 F.3d 572, 579 (3d Cir.1998) (citing Standard Oil, 449 U.S. at 239). Further, an order "need not be formal, the product of a formal decision-making process, or be issued personally by the Administrator" but it must "impose an obligation, deny a right, or fix some legal relationship." Aerosource, Inc., 142 at 578.

    The decision of the FAA approving the amendment to Frontier's OpSpecs was a final order as it represented the agency's definitive and final position, had a direct and immediate effect, had the status of law and involved immediate compliance.

    Finally, plaintiffs are not saved by the "federal question" jurisdictional provision of 28 U.S.C. § 1331 or by any other general statutory provision addressing federal court jurisdiction; the more narrowly drawn jurisdictional provision is determinative. "When

10

two jurisdictional statutes draw different routes of appeal, the well-established rule is to apply only the more specific legislation. California Save Our Streams Council v. Yeutter, 887 F.2d 908, 911 (9th Cir. 1989). "In a variety of contexts the [Supreme Court] has held that a precisely drawn, detailed statute pre-empts more general remedies." Anselma Crossing L.P. v. U.S. Postal Serv., 637 F.3d 238 (3d Cir. 2011) (citation omitted). This rule flows from the Congressional intent to carve out from the broader scheme a specific exception for a particular type of claim. Block v. North Dakota, 461 U.S. 273, 285 (1983). "[W]hen review of an agency order is at issue and when Congress has vested exclusive jurisdiction over that review in the Courts of Appeals, NEPA does not provide independent grounds for district court jurisdiction." City of Alexandria v. Helms, 728 F.2d 643, 646 (4th Cir. 1984). See also City of Rochester v. Bond, 603 F.2d 927, 936 (2d Cir. 1979)("the district court may not exercise concurrent jurisdiction merely because a violation of NEPA is alleged"). Further, to the extent there could be any ambiguity, "in administrative appeals, where it is unclear whether jurisdiction is in the district court or the court of appeals the ambiguity is resolved in favor of the latter." Communities Against Runway Expansion v. FAA, 355 F.3d 678, 684 (D.C. Cir. 2004).

Applying these well-established principles of statutory construction alongside the weight of judicial precedent interpreting the exclusive-review provision of 49 U.S. C. § 46110, it is clear that judicial review of plaintiffs' challenge to the FAA's approval of an amendment to Frontier's OpSpecs may only be had in a United States Court of Appeals.  Accordingly, this Court lacks jurisdiction and should dismiss the Complaint.

**B.   The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiffs' claims are time-barred.**

Even if jurisdiction existed in this Court, the Complaint should still be dismissed as against the FAA because plaintiffs' claims are time-barred.  As noted above, a petition to review a final order of the FAA, in the court of appeals, "must be filed not later than 60 days after the order is issued."  49 U.S.C. § 46110.  The final order plaintiffs challenge – that is, the FAA's approval of an amendment to Frontier's OpsSpecs authorizing Frontier's expansion of operations to Trenton Airport – was issued on September 25, 2012.  Plaintiffs filed this lawsuit on April 28, 2014, long after the 60-day period.  As such their Complaint is time-barred unless "there are reasonable grounds for not filing by the 60th day."  49 U.S.C. § 46110; see also Belocchio, 2014 WL 146814 at *6 (noting that, even if the district court had jurisdiction over claims challenging FAA

12

final orders, such claims would be time-barred); City of Elizabeth, 2007 WL 4415054 at *6 (challenge dismissed as time-barred because plaintiff filed well beyond the 60-day period).

Generally, courts have found reasonable grounds for late filing only where the delay is the result of more than mere ignorance of the order. Avia Dynamics v. Federal Aviation Administration, 641 F.3d 515, 521 (D.C. Cir. 2011). Reasonable grounds have been found to exist were the order was misleading in its applicability, see National Air Transportation Ass'n. v. McArtor, 866 F.2d 483 (D.C. Cir. 1989); where a petitioner was attempting to exhaust administrative remedies, see Reder v. Administrator, FAA, 116 F.3d 1261 (8th Cir. 1997); where the FAA creates confusion, see Greater Orlando Aviation Authority v. FAA, 939 F.2d 954 (11th Cir. 1991); and where the challenger was aware that the order might be undergoing modification and was unable to determine the extent of the modification. See Safe Extensions, Inc. v. Federal Aviation Administration, 509 F.3d 593, 604 (D.C. Cir. 2007).

In this case, the Complaint does not identify any ground, let alone a reasonable ground, for allowing a challenge to the FAA's September 25, 2012, decision approving the expansion of Frontier's operations to Trenton Airport over one and a half years after that decision was made. (Montigney Dec., para. 11 and Ex. 2). Moreover,

13

plaintiffs were clearly aware of the environmental compliance issue raised in the lawsuit, and possessed all of the relevant facts, no later than the middle of 2013 as plaintiff BRRAM asserted a violation of NEPA in connection with the FAA's approval of the expansion of Frontier's operations to Trenton Airport in its letter to the FAA of April 24, 2013, (Complaint, Ex. 4), and the FAA, in a letter dated May 28, 2013, addressed BRRAM's allegation and indicated that Frontier's operations at Trenton Airport would continue. (Complaint, Ex. 6). Yet, plaintiffs did not file their lawsuit until April 28, 2014.

Accordingly, in addition to being in the wrong court, plaintiffs' Complaint is untimely.

## CONCLUSION

For the reasons set forth above, this Court should grant defendant FAA's Motion and dismiss the Complaint, with prejudice, in its entirety.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

s/ J. Andrew Ruymann

By:  J. ANDREW RUYMANN
Assistant U.S. Attorney

Dated: August 18, 2014

14