R. William Potter
Peter D. Dickson
POTTER AND DICKSON
194 Nassau Street, Suite 31
Princeton, NJ 08542
Telephone: (609) 921-9555
Fax: (609) 921-2181
Email: rwppddlaw@cs.com
and potterrex@cs.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRRAM, INC., ET AL., | : | Civil Action No. 3:14-cv-02686 (JAP) |
| Plaintiffs, | : | |
| v. | : | Hon. Joel A. Pisano, U.S.D.J. |
| | : | Hon. Douglas E. Arpert, U.S.M.J. |
| UNITED STATES FEDERAL | : | |
| AVIATION ADMINISTRATION, | : | |
| ET AL., | : | DOCUMENT FILED |
| Defendants. | : | ELECTRONICALLY |

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

This memorandum is submitted in support of the plaintiffs' motion to amend the complaint to add additional parties and to clarify the cause of action. This motion is brought before the court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure which provides in relevant part as follows: "In all other cases [set forth in (a)], the party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when

Page 1 of  9

justice so requires."

The purpose of this amendment is twofold: First, it includes as additional co-plaintiffs three interested municipal governments located in Bucks County, Pennsylvania, whose residents are suffering injury in fact due to the flight patterns of Frontier Airlines' operations at Trenton Mercer Airport (TTN).  The three Bucks County municipalities are: (1) Township of Lower Makefield, (2) Township of Upper Makefield, and (3) Yardley Borough.  Each municipal governing body has recently voted to join this lawsuit seeking a ruling from this court that the Federal Aviation Administration (FAA) must comply with the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321, et seq., and evaluate in an open public manner the environmental and safety impacts of Frontier Airlines' intensive and intensifying usage of TTN.

The second purpose of this amendment is to clarify that the focus of plaintiff's complaint, which was originally concentrated on the Operations Specifications (Ops Specs) amendment granted by the FAA to Frontier Airlines to add TTN as an approved airport. The terms and requirements of that Ops Specs amendment have only recently been disclosed in an exhibit provided by the FAA in its brief in support of the FAA's motion to dismiss the plaintiffs' complaint. See Exhibit B (Document 24-2) to the FAA's Memorandum in Support of Motion

to Dismiss filed August 18, 2014 as Document 24-1. In filing the original complaint, the plaintiffs reasonably believed that the Ops Specs amendment must have authorized Frontier to grow its operations at TTN into that of a high-frequency commercial air carrier without any NEPA analysis or process by the FAA.  But with the disclosure of the Ops Specs amendment, we learned, belatedly, that it specifically limits Frontier to **two flights per week** at TTN. The FAA has now indicated it will not engage in any environmental or safety analysis whatever of  the decision by Frontier to expand its usage of TTN to 62 or more flights per week, far in excess of the flight schedule in its Ops Spec amendment that was capped at two weekly flights.

Since the defendants do not consent to plaintiffs' proposed amendments of their complaint, the plaintiffs must seek "the court's leave" to amend by motion which, as the Rule indicates, "[t]he court should freely give leave when justice so requires."  The "Author's Commentary on Rule 15" in the Federal Rules of Civil Procedure (F.R.C.P.) provides this guidance: "Rule 15 (a) directs the court to grant leave to amend 'when justice so requires,' and in practice the burden is usually on the party opposing the amendment to demonstrate why the amendment should not be permitted," citing numerous cases, including, e.g., C.F. v. Capistrano Unified School District, 654 F.3d 975, 985 (9th Cir. 2011) (amendment policy should be

applied with "extreme liberality").

The criteria for the court's exercise of discretion in reviewing a motion to amend are well known. They are derived from standards forcefully articulated by the Supreme Court in Foman v. Davis, 371 U.S. 178, 181-182 (1962) and may be summarized as follows: "If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. at 182 (citation omitted).

Foman has been invoked by reviewing courts ever since as the "gold standard" for a liberal right to amend.  Representative of these cases is Harrison v. Rubin, 174 F.3d 249, 250-253 (D.C. Cir. 1999), where the Circuit Court held: "We agree with appellant regarding the motion to amend: Absent evidence of prejudice, delay–the only reason given by the district court–cannot justify denying a motion[1]

---

[1] The term "prejudice" has a well-defined meaning as actions taken by a party that involve serious impairment of the non-moving party's ability to present its case.  See, e.g., In re Bristol-Myers Squibb Securities Litigation, 228 F.R.D.

to amend to clarify the legal basis for complaint." Id., 174 F.3d at 250. "Where an amendment would do no more than clarify legal theories or make technical corrections, we have consistently held that delay, without a showing of prejudice, is not a sufficient ground for denying the motion. [citations omitted] …'Unless a defendant is prejudiced on the merits by a change in legal theory,' we explained, 'a plaintiff is not bound by the legal theory in which he or she originally relied.'" Id., 174 F.3d at 253.

    Importantly, the plaintiff's motion for leave to amend in Harrison came more than two years after "the filing of her complaint" when the case was "nearing trial, [and] the parties have almost completed their pretrial discovery." Id., 174 F.3d at 252.  By way of contrast, this case is still at a very early stage of litigation. The complaint was filed on April 28, 2014, and the defendants have never answered the complaint, choosing to rely on motions to dismiss for alleged lack of subject matter jurisdiction filed on August 18, 2014.   Thus, undue delay is no factor in this court's ruling.  Moreover, there is no prejudice to the defendants, never mind undue, since the twin purposes of the amendment merely add three governmental bodies as co-plaintiffs and clarify the basis for the cause of action, similar to the plaintiff's purpose in Foman.

---

221 (D.N.J. 2005), and Harter v. GAF Corp., 150 F.R.D. 502 (D.N.J. 1993).

Additional precedent in supports of an affirmative ruling by this court on the motion to amend includes Popp Telcom v. American Sharecom, Inc., 210 F.3d 928 (8th Cir., 1999), wherein the plaintiffs appealed the District Court's denial of their motion seeking a third amendment. The Circuit Court reversed, citing the oft-quoted language of the Rule declaring "that leave to amend 'shall be freely given when justice so requires.'... Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reasons for a denial," citing the Foman articulation of standards, "'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of amendment...'" Popp Telecom, 210 F.3d at 943. This court further cited Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) "that, in deciding whether to permit a proffered amendment, the court should not consider the likelihood of success unless the claim is 'clearly frivolous.'" Popp Telecom, 210 F.3d at 944.

Similar results are found in Bowles. v. Reade, 198 F.3d 752, 755 (9th Cir. 1999): "On the appeal, we vacate the order denying the motion for leave to amend the complaint because the motion was not futile and no finding was made by the district court that such amendment would be prejudicial ... or that the motion was made in bad faith. We also vacate the judgment dismissing the action because the

entry of summary judgment was based solely on the district court's erroneous denial of the motion to amend the complaint...." Id. at 755-756.  And see Eminence Capitol, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-1052 (9th Cir. 2003), again quoting the "Foman factors" and noting the "*presumption* under Rule 15(a) in favor of granting leave to amend" and emphasizing that "'the crucial factor is the resulting prejudice to the opposing party....'" Eminence, 316 F.3d at 1052, italics in original.  Accord: Rose v. Hartford Underwriters Insurance Co., 203 F.3d 417 (6th Cir., 1999), "Although the district court has discretion to deny a motion to amend a complaint after an answer has been filed, we have held on several occasions that a district court abuses its discretion when it fails to state a basis for its decision to deny a motion to amend...." Id. at 420.

     Where denial of leave to amend has been upheld, the grounds for denial bear no resemblance to the matter before this court.  For example, in Minneapolis Firefighters' Relief Ass'n v. Memc Elec. Materials, Inc., 641 F.3d 1023, 1030 (8th Cir. 2011), the district court's denial was upheld by "finding amendment would be futile because Patel [plaintiff] identifi[ed] no additional allegations he could make to cure the deficiencies ... Patel also failed to file a Fed.R.Civ.P. 15(a) ... motion (1) seeking leave to amend after the district courted entered judgment, (2) attaching a copy of the proposed amended complaint, and (3) specifying the

additional allegations that would overcome the defendants' motion to dismiss [citation omitted]. The district court did not abuse its discretion...." Id. at 1030. By way of contrast, plaintiffs' motion is accompanied with the amended complaint, and any deficiency in the original complaint are amply "cured" by the amendment clarifying the basis for the NEPA cause of action. First Amended Complaint ¶¶ 11, 12, and 13 describe the municipalities joining the lawsuit. First Amended Complaint ¶¶ 42, 46, 47, 48, 49 and 50 describe the number of flights currently operated as admitted by the FAA, the Frontier request to amend its Ops Specs, the FAA approval, the lack of publication, etc., and the expansion of operations beyond the Ops Specs. Additionally, the heading in First Amended Complaint ¶ F has been changed to reflect Frontier's expansion beyond the approved Ops Specs.

    As a result, "justice so requires" an order from this court granting leave to amend for two compelling reasons. First, the amendment allows legal representation in this lawsuit for three impacted municipalities whose citizenry is forced to endure the unregulated noise and pollution emanating from an increasing number of low-level flights by Frontier Airlines above their communities. They deserve their day in court. Second, the amendment informs the court and other parties that the plaintiffs' complaint is not against the actual terms of the Ops

Specs amendment as issued by the FAA to Frontier Airlines on September 25, 2012, which limited Frontier to two flights per week.  Rather, the gravamen of the plaintiff's case is the FAA's apparent "policy" to not perform any environmental or safety analysis, pursuant to NEPA, prior to the airlines' expansion of operations to an extent far in excess of the schedule of flights proposed by Frontier Airlines and authorized by the FAA in an Ops Specs amendment.  The issue, as now clarified, is of national significance:   May the FAA wash its collective hands of responsibility to assess the environmental and safety impacts of an air carrier's exponential and ongoing  expansion of flights into and out of any airport?

IN CONCLUSION, plaintiffs respectfully submit that the court should grant the within motion to amend the complaint since "justice so requires."

    Respectfully submitted,

    POTTER AND DICKSON

    _/ s / R. William Potter_
    By R. William Potter
    Attorney for the Plaintiffs

Dated November 20, 2014.