John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Robert E. Cohn
Justin A. Savage
Emily E. Kimball
HOGAN LOVELLS U.S. LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

*Attorneys for Defendant Frontier Airlines, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRRAM, INC., a corporation organized under the laws of the Commonwealth of Pennsylvania, Ms. Holly Bussey, Mr. William Lynch, Mr. Richard DeLello, Ms. Julie Power, Mr. John Giacobetti and Mrs. Jennifer Giacobetti, Ms. Deborah Leamann, Ms. Caroline Bondi, Ms. Delores Brienza, and Mr. Richard Wayne,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>UNITED STATES FEDERAL AVIATION ADMINISTRATION (FAA), the Mercer County Board of Chosen Freeholders, and Frontier Airlines, Inc.,<br><br>　　　　　Defendants. | Civil Action No. 3:14-cv-02686<br><br>Hon. Joel A. Pisano, U.S.D.J.<br>Hon. Douglas E. Arpert, U.S.M.J. |

**DEFENDANT FRONTIER AIRLINES, INC.'s RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

## **TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................. 1

ARGUMENT .................................................................................................................... 2

    I.    GRANTING LEAVE TO AMEND WOULD BE FUTILE BECAUSE THIS COURT LACKS SUBJECT-MATTER JURISDICTION TO CONSIDER PLAINTIFFS' UNTIMELY CHALLENGE. .................................... 2

    II.    PLAINTIFFS FAIL TO STATE A COGNIZABLE CLAIM AGAINST FRONTIER. ........................................................................................................ 8

    III.    PLAINTIFFS HAVE ALREADY ADMITTED THAT FRONTIER SHOULD BE DISMISSED FROM THIS CASE. ..................................................... 9

CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Aerosource, Inc. v. Slater,
   142 F.3d 572 (3d Cir. 1998)..........................................................................................5

Americopters, LLC v. FAA,
   441 F.3d 726 (9th Cir. 2006) ........................................................................................8

Amerijet International, Inc. v. Pistole,
   753 F.3d 1343 (D.C. Cir. 2014)....................................................................................5

Arizona Christian Sch. Tuition Org. v. Winn,
   131 S. Ct. 1436, 179 L. Ed. 2d 523 (2011) ..................................................................6

Bellocchio v. New Jersey Dep't of Envtl. Protection,
   16 F. Supp. 3d 367 ...........................................................................................3, 4, 7, 9

City of Dania Beach, Fla. v. F.A.A.,
   485 F.3d 1181 (D.C. Cir. 2007).....................................................................................5

City of Irving v. FAA,
   539 F. Supp. 17 (N.D. Tex. 1981) ................................................................................6

Corbett v. TSA,
   767 F.3d 1171 (11th Cir. 2014) ....................................................................................8

Fleming v. U.S. Dep't of Transp.,
   348 F. App'x 736 (3rd Cir. 2009).................................................................................4

Grayson v. Mayview State Hospital,
   293 F.3d 103 (3d Cir. 2002)..........................................................................................2

Green v. Brantley,
   981 F.2d 514 (11th Cir.1993) .......................................................................................5

Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.,
   26 F.3d 375 (3d Cir. 1994)..........................................................................................10

Lorenz v. CSX Corp.,
   1 F.3d 1406 (3d Cir. 1993)............................................................................................2

Safe Extensions, Inc. v. FAA,
   509 F.3d 593 (D.C. Cir. 2007) .....................................................................................6

San Diego Air-Sports Ctr., Inc. v. FAA,
    887 F.2d 966 (9th Cir. 1989) ...................................................................................5

SecurityPoint Holdings, Inc. v. TSA,
    769 F.3d 1184 (D.C. Cir. 2014) ................................................................................5

St. John's United Church of Christ v. City of Chicago,
    401 F. Supp. 2d 887 (N.D. Ill. 2005) (explaining that the legislative history of the
    2003 amendments to Section 46110(a)), aff'd, 502 F.3d 616 (7th Cir. 2007). As the
    Conference Report ....................................................................................................6

State of Illinois ex rel. Scott v. Butterfield,
    396 F. Supp. 632 (N.D. Ill. 1975) .............................................................................6

U.S. v. Oakland Cannabis Buyers' Co-op,
    532 U.S. 483 .............................................................................................................9

Walker v. Zenk,
    323 F. App'x 144 (3d Cir. 2009) ..............................................................................2

**FEDERAL STATUTES**

42 U.S.C. § 4332 ............................................................................................................1, 9

49 U.S.C. § 41109(a)(2)(B) ................................................................................................4

49 U.S.C. § 46110 ....................................................................................................... passim

Airline Deregulation Act of 1978 ("ADA"), 92 Stat. 1705 ................................................9

Vision 100—Century of Aviation Reauthorization Act, Pub. L. No. 108-176117 Stat.
    2490, § 228 ................................................................................................................6

**RULES**

Federal Rule of Civil Procedure 15(a) (2) ..........................................................................2

**OTHER AUTHORITIES**

H.R. Conf. Rep. 108-334 ....................................................................................................7

## INTRODUCTION

Plaintiffs' proposed amended complaint is an exercise in futility. Like the previous complaint, the claim does not come within the subject matter jurisdiction in this Court. The heart of Plaintiffs' new claim is that Defendant Federal Aviation Administration ("FAA") imposed a two-flight per week limit on Defendant Frontier Airlines, Inc. ("Frontier") when it issued Frontier's amended "Operating Specifications" on September 25, 2012 ("Order") authorizing the airline to serve the Trenton airport. Plaintiffs now allege that flights exceeding that purported limit trigger review under a procedural environmental statute, the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332.

Plaintiffs are wrong. The FAA Order imposes no such flight limitations. Addressing the merits of this case would require this Court to pass upon the meaning and effect of the Order, as well as the implications for NEPA review of Frontier's service to Trenton. Congress lodged judicial review of all FAA orders exclusively with the U.S. Court of Appeals. See 49 U.S.C. § 46110(a).

In addition, Plaintiffs' complaint is time barred. Congress set a 60 day statute of limitations for challenges to FAA orders. 49 U.S.C. § 46110(a). Even assuming, for the sake argument, this Court has subject matter jurisdiction (which it does not) and that Plaintiffs were completely unaware of the Order before this litigation (which is also not the case), FAA filed the Order with the Court 119 days ago, on August 18, 2014, and informed Plaintiffs that their challenge lies in the court of appeals. Instead of filing in the proper forum, Plaintiffs continue to sit on their rights.

Plaintiffs also fail to state a claim against Frontier. Plaintiffs admitted as much in their opposition to Frontier's motion to dismiss the original complaint, offering to stipulate to

1

Frontier's dismissal. Nevertheless, despite their prior willingness to dismiss Frontier, Plaintiffs' proposed amended complaint names Frontier as a party and now seeks injunctive relief against the airline. Just as the original complaint should be dismissed, so too should this proposed amendment be denied because the proposed amended complaint fails to state a claim and does not fall within the subject matter jurisdiction of this court.

Frontier respectfully requests that the Court deny Plaintiffs' Motion for Leave to File an Amended Complaint because an amendment would be futile and contrary to law because this Court lacks subject matter jurisdiction to review the Amended Complaint. The grounds for this motion are summarized below and set forth in more detail in Frontier's reply to the motion to dismiss the original complaint.

## ARGUMENT

### I. GRANTING LEAVE TO AMEND WOULD BE FUTILE BECAUSE THIS COURT LACKS SUBJECT-MATTER JURISDICTION TO CONSIDER PLAINTIFFS' UNTIMELY CHALLENGE.

Although generally leave to amend "shall be freely given when justice so requires," a district court may deny leave to amend when the amendment would be futile. Grayson v. Mayview State Hospital, 293 F.3d 103, 113–14 (3d Cir. 2002); Federal Rule of Civil Procedure 15(a) (2). The grant or denial of an opportunity to amend is within the discretion of the District Court. Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss. Walker v. Zenk, 323 F. App'x 144, 147-48 (3d Cir. 2009) (denying plaintiffs motion to amend where defects in the claim could not be cured).

Plaintiffs proposed Amended Complaint still seeks judicial review of the FAA's September 25, 2012 Order, which amended Frontier's Operations Specifications ("OpSpecs") to authorize Frontier to serve the Trenton Mercer County Airport ("Trenton Airport" or "TNN"). Despite Plaintiffs' attempts to "clarify" that they are alleging NEPA violations against the FAA for failure to conduct an environmental impact analysis, Plaintiffs fundamental issue is with the Order.  This dispute springs from the Order:  it authorizes Frontier to serve Trenton Airport, and it is only agency action before the Court.  All challenges to FAA final orders, even those involving NEPA matters, must be filed "in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides." 49 U.S.C. § 46110(a); see also Bellocchio v. New Jersey Dep't of Envtl. Protection, 16 F. Supp. 3d 367, 375 (D.N.J. 2014) (pursuant to § 46110(a), jurisdiction over challenges to FAA orders pertaining to NEPA vests exclusively in the U.S. Court of Appeals).

Plaintiffs Amended Complaint contains a new allegation: that the Order purportedly limits Frontier to two flights per week at the Trenton Airport.  (Pl. Motion to Amend at 3.), and that such a limitation creates a NEPA threshold that requires extensive environmental analysis by the FAA should Frontier operate more than two flights per week.  (Id. at 17).

Plaintiffs are mistaken.  There is no such limitation.  The plain language of the Order contains no limit on the frequency of operations at the Trenton Airport.  The Order amends Frontier's OpSpecs to permit the company to operate at TNN.  And, as Frontier noted in its Motion to Dismiss, once authorized by FAA to serve and airport, the Aviation Statute expressly prohibits the FAA from regulating the routes an airline serves and at what levels:  "The Secretary of Transportation …(B) may not prescribe a term preventing an air carrier from adding or challenging schedules, equipment, accommodations, and facilities for providing the authorized

3

transportation to satisfy business development and public demand." 49 U.S.C. § 41109(a)(2)(B). Consistent with that proscription, the FAA's letter to Plaintiffs explained, "[o]nce an airport has been added the airline's Op Specs, under the Airline Deregulation Act of 1978, the airline is free to determine the level of service provided at that airport without any further FAA approval." (Compl. Ex. 6, at 1).

While the Plaintiffs may read the Order differently (and incorrectly), nonetheless, this Court lacks jurisdiction to resolve the dispute because the statute mandates that the U.S. Courts of Appeals have exclusive jurisdiction over such challenges. The plain language of Section 46110(a) calls for "review of the order[s]" of FAA in the appellate courts. 49 U.S.C. § 46110(a). Review of the FAA Order is inextricably intertwined with Plaintiffs' request for relief, which hinges on reading the Order to limit Frontier to two weekly flights. The Third Circuit has interpreted Section 46110(a) broadly to preclude district court review of FAA proceedings: "As numerous courts have held, when the resolution of a plaintiff's claims in federal court requires an examination of the underlying FAA proceedings, the district courts lack subject matter jurisdiction over any such claims." Fleming v. U.S. Dep't of Transp., 348 F. App'x 736, 737 (3rd Cir. 2009). Relying on Fleming, Chief Judge Simandle recently dismissed a NEPA challenge over an FAA order for lack of subject matter jurisdiction, the same result that should be reached here. See Bellocchio v. New Jersey Dep't of Envtl. Protection, 16 F. Supp. 3d 367, 375 (D.N.J. 2014).

Plaintiffs attempt to distinguish Fleming, Bellocchio and the numerous adverse cases interpreting Section 46110(a) by arguing that, because the FAA issued its Order in letter form in response to Frontier's letter request for an OpSpec amendment, the administrative record here is inadequate. The Plaintiffs are wrong for two reasons. First, the actual FAA Order was the

4

amended OpSpec issued by the FAA to Frontier. That the OpSpec was forwarded to Frontier by letter is of no consequence. Second, an agency letter can constitute an Order. The Third Circuit has held that FAA correspondence may provide an adequate record for judicial review under 49 U.S.C. § 46610(a). Aerosource, Inc. v. Slater, 142 F.3d 572, 578 n.10 (3d Cir. 1998) (finding an adequate record to review whether FAA letters were final orders). An FAA order "need not be a formal order, the product of a formal decision-making process, or be issued personally by the [FAA] Administrator." Id. Rather, the Third Circuit held that an order must impose an obligation, deny a right, or create a legal relationship, such as the FAA Order here that authorizes Frontier to serve Trenton. Id. Consistent with the Third Circuit's ruling, numerous courts have held that letters qualify as orders under 49 U.S.C. § 46610(a).[1]

Moreover, the quality of the administrative record goes to the merits of the challenge, not subject matter jurisdiction. Section 46110's text and structure make plain that jurisdiction and the adequacy of the administrative record are separate inquiries. 49 U.S.C. § 46110(a). Section 46110(a) vests jurisdiction in the appellate courts and mentions nothing about the adequacy of the administrative record as a precondition to jurisdiction. In contrast, Section 46110(b) requires that once jurisdiction is accepted, FAA must file with the appellate court "a record of any

---

[1] Aerosource, 142 F.3d at 577 ("[L]etters and other communications can be final orders depending upon the surrounding circumstances and other indicia of finality."). Accord Amerijet International, Inc. v. Pistole, 753 F.3d 1343, 1349 (D.C. Cir. 2014) (holding that TSA letters constituted "orders" under 49 U.S.C. § 46110(a) because the letters had "legal consequences" and were the "consummation of the agency's decision-making process"); SecurityPoint Holdings, Inc. v. TSA, 769 F.3d 1184, 1187 (D.C. Cir. 2014) (same); City of Dania Beach, Fla. v. F.A.A., 485 F.3d 1181, 1187 (D.C. Cir. 2007) (FAA letter qualified as order Section 46110(a)); San Diego Air-Sports Ctr., Inc. v. FAA, 887 F.2d 966, 969 (9th Cir. 1989) (reviewing FAA letter as an order under the predecessor to 49 U.S.C. § 46110(a)); Green v. Brantley, 981 F.2d 514, 518–19 (11th Cir.1993) (holding that a letter notifying plaintiff of the revocation of his Designated Pilot Examiner authority was an "order" under Section 46110 (then numbered Section 1486)).

proceeding in which the order was issued ….." 49 U.S.C. § 46110(b).  In the event of deficiencies with the record, Section 46110(c) specifies that the appellate court "may order … further [administrative] proceedings."   49 U.S.C. § 46110(c).  Consistent with this reading of Section 46110, the D.C. Circuit has held that  the "lack of an adequate agency record to review does not eliminate a circuit court's jurisdiction, but rather requires the court to remand to the agency so the agency can provide a record for review."  Safe Extensions, Inc. v. FAA, 509 F.3d 593, 599 (D.C. Cir. 2007) (citing Florida Power & Light Co. v. Lorion, 470 U.S. 729 (1985)).

In arguing for subject matter jurisdiction, Plaintiffs rely on a series of antiquated and inapposite NEPA decisions from other jurisdictions.  None of these cases, including Plaintiffs' principal case, State of Illinois ex rel. Scott v. Butterfield, 396 F. Supp. 632 (N.D. Ill. 1975), analyzed subject matter jurisdiction under 49 U.S.C. § 46110 or its predecessors.[2]  "When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed."  Arizona Christian Sch. Tuition Org. v. Winn, 131 S. Ct. 1436, 1448, 179 L. Ed. 2d 523 (2011) (citations omitted).

Nor do Plaintiffs' NEPA cases, most of which are from the 1970s, reflect current aviation law.  In 2003, Congress amended Section 46110(a) to make clear that the appellate courts enjoyed exclusive jurisdiction over FAA Orders that implicate airport development and noise, which are governed by Part B of the aviation subtitle of Title 49.  See Vision 100—Century of Aviation Reauthorization Act, Pub. L. No. 108-176117 Stat. 2490, § 228.  That amendment abrogated a handful of appellate cases that had allowed NEPA challenges to FAA orders,

---

[2]   Out of all of the older NEPA cases that Plaintiffs cite, only City of Irving v. FAA, touches upon the issue of exclusive appellate jurisdiction over FAA actions, but the cursory analysis in that case is dicta because no FAA order was at issue.  City of Irving v. FAA, 539 F. Supp. 17 (N.D. Tex. 1981).

including noise complaints, to proceed in district court.  See, e.g., St. John's United Church of Christ v. City of Chicago, 401 F. Supp. 2d 887, 903 n.10 (N.D. Ill. 2005) (explaining that the legislative history of the 2003 amendments to Section 46110(a)), aff'd, 502 F.3d 616 (7th Cir. 2007).  As the Conference Report to the 2003 amendment explained, Congress intended "to clarify that decisions to take actions authorizing airport development projects are reviewable in the circuit courts of appeals under section 46110, notwithstanding the nature of the petitioner's objections to the decision."  H.R. Conf. Rep. 108-334, at 160-161.  Plaintiffs' noise complaints about Frontier's operations at Trenton were required to be filed only in the U.S. Court of Appeals.

In addition, Plaintiffs filed their complaint out of time.  When challenging an FAA order, parties have 60 days from the date the order is issued to file their case in the Court of Appeals. 49 U.S.C. § 46110 (a).  Plaintiffs claim they only recently became aware of the "terms and requirements" of the Order when it was provided as an exhibit to the FAA's Motion to Dismiss (Pl. Motion to Amend at 2), but that claim is completely at odds with their original complaint. Not only did Plaintiffs append news articles from November 2012 announcing Frontier's service at the Trenton Airport, but their correspondence with the FAA demonstrates that Plaintiffs threatened FAA with litigation over its decision to authorize Frontier to serve Trenton as early as April 24, 2013, an entire year before this lawsuit was filed.  (Comp. Exhibit 3 and 4.)  Neither Plaintiffs' original complaint nor their proposed amended complaint provides any reasonable grounds that would justify such a delay.  Challenges to a final FAA order must be filed with the U.S. Court of Appeals "not later than 60 days after the order is issued" unless there are "reasonable grounds for not filing by the 60th day."  49 U.S.C. § 46110(a); see also Bellocchio,

16 F. Supp. at 376 (§ 46110(a) challenge would be dismissed as time-barred where plaintiff filed well beyond the sixty-day period).

Even assuming the Plaintiffs' unfounded scenario, that the 60-day clock did not start to run until the FAA appended the Order to its Motion to Dismiss, Plaintiffs still failed to file a timely challenge in the U.S. Court of Appeals and have continued to sit on their rights. One-hundred and nineteen days have passed since FAA filed a copy of the Order with the Court. It was too late at the outset and it is certainly too late now to file a challenge.  See, e.g., Corbett v. TSA, 767 F.3d 1171, 1178-79 (11th Cir. 2014) (dismissing as untimely a challenge to an Section 46110 order that had initially been litigated in district court over the government's jurisdictional objections); Americopters, LLC v. FAA, 441 F.3d 726, 734 (9th Cir. 2006) (same).

If Plaintiffs are permitted to file their proposed amended complaint, these critical jurisdictional deficiencies will remain.  Frontier will need to file an identical motion to dismiss as is already pending before this court.  Such an exercise is a waste of judicial resources.  For these reasons, Plaintiffs should not be permitted to amend the complaint because amendment would be futile.

## II.  PLAINTIFFS FAIL TO STATE A COGNIZABLE CLAIM AGAINST FRONTIER.

Plaintiffs assert that this "is an action for declaratory and injunctive relief against the U.S. FAA" for its failure to perform an environmental impact analysis under NEPA.  (Proposed Amended Complaint ("PAC") ¶17).  They claim to seek a judicial order compelling the FAA to comply with NEPA.  (PAC ¶ 18).  However, Plaintiffs later ask the court to "enjoin[] Frontier Airlines from any increase or expansion of service beyond current service levels at TTN." (PAC, Judicial Relief/Remedies ¶ 1).

8

NEPA provides no basis to enjoin Frontier, a private commercial carrier, from increasing its passenger service to the Trenton community. As Frontier previously explained in its Motion to Dismiss, NEPA applies only to "agencies of the Federal Government" not private entities. 42 U.S.C. § 4332; see also Bellocchio, 16 F. Supp. 3d at 377 (dismissing a private party in a NEPA suit against the FAA). In addition, Plaintiffs' request that this Court enjoin Frontier from increasing service to Trenton would violate the Airline Deregulation Act of 1978 ("ADA"), 92 Stat. 1705, and the free-market policy embedded in that law. Once duly authorized by the Department of Transportation and the FAA to serve a particular airport, the ADA permits air carriers to determine their routes and frequency of service. See Defendant Frontier's Motion to Dismiss at 11-12 (explaining the statutory scheme of the ADA). Plaintiffs would put the Court in the position of deciding the proper number of local flights, a decision that Congress left to market forces, rather than FAA and the courts. See U.S. v. Oakland Cannabis Buyers' Co-op, 532 U.S. 483. 497 (2001) ("A district court cannot … override Congress' policy choice, articulated in a statute, as to what behavior should be prohibited.").

It is not in the "interest of justice" to permit Plaintiffs to seek injunctive relief that is inconsistent with Plaintiffs stated claims, claims which do not apply to Frontier, and would put the court at odds with the Congress's policy choices set forth in the ADA.

### III. PLAINTIFFS HAVE ALREADY ADMITTED THAT FRONTIER SHOULD BE DISMISSED FROM THIS CASE.

In Plaintiffs' response to Defendants' Motion to Dismiss, Plaintiffs admitted that they lacked a plausible claim against Frontier, indicating their "consent to dismissal of Frontier… unless the court deems [it] an indispensable part[y]." (Pl. Response at 1.) In fact, Plaintiffs focused only on FAA's motion and ignored Frontier's motion to dismiss, thus conceding the

9

merits of Frontier's arguments. As stated in Frontier's reply in support of its motion to dismiss, Plaintiffs failure to respond in any way to Frontier's motion to dismiss should be grounds for Frontier's dismissal from this case. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) (an issue is waived unless a party raises it in its opening brief and a passing reference to those issues is not sufficient). In their opening brief, Plaintiffs provide no explanation for continuing to seek relief against Frontier when they have already consented to its dismissal and fail to even include a cognizable claim against Frontier in the proposed amended complaint. Leave to amend should be denied.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion to Amend the Complaint should be denied.

Dated: December 15, 2014                    Respectfully submitted,

*s/John E. Flaherty*
John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

Robert E. Cohn
Justin A. Savage
Emily E. Kimball
HOGAN LOVELLS U.S. LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004

*Attorneys for Defendant Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2014, I caused a copy of DEFENDANT FRONTIER AIRLINES, INC.'s RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, to be served via ECF and/or e-mail upon counsel of record.

By:    s/ *John E. Flaherty*
John E. Flaherty