John E. Flaherty  
Ravin R. Patel  
McCARTER & ENGLISH, LLP  
Four Gateway Center  
100 Mulberry Street  
Newark, New Jersey 07102  
(973) 622-4444  

Robert E. Cohn  
Justin A. Savage  
Emily E. Kimball  
HOGAN LOVELLS U.S. LLP  
555 Thirteenth Street, N.W.  
Washington, D.C. 20004  

*Attorneys for Defendant Frontier Airlines, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRRAM, INC., a corporation organized under the laws of the Commonwealth of Pennsylvania, Ms. Holly Bussey, Mr. William Lynch, Mr. Richard DeLello, Ms. Julie Power, Mr. John Giacobetti and Mrs. Jennifer Giacobetti, Ms. Deborah Leamann, Ms. Caroline Bondi, Ms. Delores Brienza, and Mr. Richard Wayne,<br><br>     Plaintiffs,<br><br>     v.<br><br>UNITED STATES FEDERAL AVIATION ADMINISTRATION (FAA), the Mercer County Board of Chosen Freeholders, and Frontier Airlines, Inc.,<br><br>     Defendants. | Civil Action No. 3:14-cv-02686<br><br>Hon. Joel A. Pisano, U.S.D.J.<br>Hon. Douglas E. Arpert, U.S.M.J. |

**DEFENDANT FRONTIER AIRLINES, INC.'s REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

     I.     THIS COURT LACKS SUBJECT-MATTER JURISDICTION
          BECAUSE ALL CHALLENGES TO FAA FINAL ORDERS MUST BE
          FILED IN THE U.S. COURT OF APPEALS. ........................................................3

     II.    PLAINTIFFS' CLAIM IS TIME BARRED. .........................................................8

     III.   PLAINTIFFS HAVE ALREADY CONCEDED THAT FRONTIER
          SHOULD BE DISMISSED FROM THIS CASE..................................................10

CONCLUSION.................................................................................................................. 11

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Aerosource, Inc. v. Slater,
    142 F.3d 572 (3d Cir. 1998)...................................................................................5, 6

Americopters, LLC v. FAA,
    441 F.3d 726 (9th Cir. 2006) .......................................................................................9

Amerijet International, Inc. v. Pistole,
    753 F.3d 1343 (D.C. Cir. 2014) ..................................................................................6

Arizona Christian Sch. Tuition Org. v. Winn,
    131 S. Ct. 1436, 179 L. Ed. 2d 523 (2011) ................................................................7

Bellocchio v. New Jersey Dep't of Envtl. Protection,
    16 F. Supp. 3d 367 (D.N.J. 2014) ..............................................................................5

City of Dania Beach, Fla. v. F.A.A.,
    485 F.3d 1181 (D.C. Cir. 2007) ..................................................................................6

City of Irving v. FAA,
    539 F. Supp. 17 (N.D. Tex. 1981) ..............................................................................7

Corbett v. TSA,
    767 F.3d 1171 (11th Cir. 2014) ..................................................................................9

D'Angio v. Borough of Nescopeck,
    34 F. Supp. 2d 256 (M.D. Pa., 1999) .......................................................................10

Fleming v. U.S. Dep't of Transp.,
    348 F. App'x 736 (3rd Cir. 2009) ....................................................................1, 3, 5

Green v. Brantley,
    981 F.2d 514 (11th Cir.1993) .....................................................................................6

Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.,
    26 F.3d 375 (3d Cir. 1994)........................................................................................10

Safe Extensions, Inc. v. FAA,
    509 F.3d 593 (D.C. Cir. 2007) ...................................................................................6

San Diego Air-Sports Ctr., Inc. v. FAA,
    887 F.2d 966 (9th Cir. 1989) ......................................................................................6

SecurityPoint Holdings, Inc. v. TSA,
    769 F.3d 1184 (D.C. Cir. 2014) ............................................................6

Sierra Club v. U.S. Dep't. of Transp.
    753 F.2d 120 (D.C. Cir. 1985) .............................................................3

St. John's United Church of Christ v. City of Chicago,
    401 F. Supp. 2d 887 (N.D. Ill. 2005), aff'd, 502 F.3d 616 (7th Cir. 2007) ..............................7

State of Illinois ex rel. Scott v. Butterfield,
    396 F. Supp. 632 (N.D. Ill. 1975) ..........................................................7

**STATUTES**

42 U.S.C. § 4332 ...........................................................................1

49 U.S.C. § 1486 ........................................................................3, 6

49 U.S.C. § 41109(a)(2)(B) ..................................................................4

49 U.S.C. § 46110 ................................................................... passim

Vision 100—Century of Aviation Reauthorization Act, Pub. L. No. 108-176117 Stat.
    2490, § 228 ...........................................................................7

**OTHER AUTHORITIES**

14 C.F.R. § 119.5(g)(l) .....................................................................4

14 C.F.R. § 119.49(a)(4) ....................................................................4

14 C.F.R. § 119.51(a) .......................................................................4

H.R. Conf. Rep. 108-334 .....................................................................7

<u>**INTRODUCTION**</u>

This lawsuit could have only been filed in the U.S. Court of Appeals because it is a challenge to a Federal Aviation Administration ("FAA") final order.  On September 25, 2012, Defendant FAA issued an order ("Order" or "FAA Order") amending Defendant Frontier Airline, Inc.'s ("Frontier's") Operation Specifications ("OpSpecs") to authorize service to Trenton County Mercer Airport ("Trenton Airport" or "TTN") thereby adding it to the list of airports Frontier is authorized to serve.  Plaintiffs' claim boils down to the argument that the FAA Order limits Frontier to two flights per-week, and that exceeding that purported limitation triggers review, under a procedural environmental statute, the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332.

Plaintiffs' interpretation of the FAA Order as imposing a flight limitation is wrong, but more important, that interpretation confirms that this Court lacks subject-matter jurisdiction.  By Plaintiffs' own admission, this case hinges on the meaning and interpretation of an FAA Order.  Congress granted the U.S. Court of Appeals *exclusive* jurisdiction "for review" of FAA orders in Section 46110 of the federal aviation statute.  49 U.S.C. § 46110(a), (c).  The Third Circuit broadly construes Section 46110(a):  "As numerous courts have held, when the resolution of a plaintiff's claims in federal court requires an examination of the underlying FAA proceedings, the district courts lack subject matter jurisdiction over any such claims."  <u>Fleming v. U.S. Dep't of Transp.</u>, 348 F. App'x 736, 737 (3rd Cir. 2009) (citations omitted).  That Plaintiffs challenge the FAA Order based on alleged violations of NEPA makes no difference in the jurisdictional analysis, as this Court and numerous others have held.

Plaintiffs' challenge is untimely.  Indeed, Plaintiffs' delay in this litigation alone justifies barring their claim under the statute of limitations.  Congress set a 60 day statute of limitations

for challenges to FAA orders unless a plaintiff can demonstrate reasonable grounds for tolling. Nothing excuses Plaintiffs' delay.  Over a year before filing, Plaintiffs threatened FAA with a preliminary injunction over Frontier's alleged "heavy usage" of Trenton Airport.  FAA filed the Order with the Court 119 days ago and informed Plaintiffs that their challenge lies in the appellate courts.  Rather than filing a petition for review in the U.S. Court of Appeals, as required by law, Plaintiffs have done nothing to timely preserve their rights since claiming that they were being put on actual notice of the Order and FAA's position on jurisdiction.

Plaintiffs also fail to state a claim against Frontier.  In their opposition, Plaintiffs ignored Frontier's motion to dismiss and, in fact, offered to stipulate to Frontier's dismissal, but then reversed course and named Frontier as a defendant in the proposed amended complaint, to which Frontier is concurrently objecting.  Plaintiffs were correct the first time:  there are no viable claims against Frontier, and it should be dismissed from the case with prejudice.

For these reasons, as discussed more fully below and in Frontier's opening brief, Plaintiffs' claims against Frontier should be dismissed with prejudice.

## ARGUMENT

Regardless of how Plaintiffs characterize the lawsuit, they are challenging the FAA's Order authorizing Frontier to serve Trenton Airport.  Such a challenge should have been filed in the U.S. Court of Appeals for either the Third Circuit or the DC Circuit within the 60-day statutory limitations period.

I.    **THIS COURT LACKS SUBJECT-MATTER JURISDICTION BECAUSE ALL CHALLENGES TO FAA FINAL ORDERS MUST BE FILED IN THE U.S. COURT OF APPEALS.**

In its opening brief, Frontier explained that by statute, all challenges to FAA final orders must be brought exclusively in the U.S. Courts of Appeals under 49 U.S.C. § 46110(a)  (Frontier Motion to Dismiss ("MTD") at 7).  Section 46110(a) provides, in relevant part:

> a person disclosing a substantial interest in an order issued by . . . the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator … in whole or in part under this part, part B, or subsection (l) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a).  Further, the appellate court "has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order … further [administrative] proceedings." 49 U.S.C. § 46110(c).

The FAA final order challenged by the Plaintiffs in this case is the FAA's September 25, 2012 Order amending Frontier's OpSpecs, authorizing Frontier to provide commercial passenger service to the Trenton Airport.  An OpSpecs amendment is one of the "aviation duties and powers designated to be carried out by the FAA Administrator" under Section 46110(a).  This aviation statute makes it clear that review of challenges to FAA orders lies exclusively in the U.S. Courts of Appeals.  49 U.S.C. § 46110(a); see also Sierra Club v. U.S. Dep't. of Transp. 753 F.2d 120, 121 (D.C. Cir. 1985) (challenging the FAA's amendment of Frontier Airlines' operations specifications and explaining that the court of appeals takes jurisdiction under 49 U.S.C. § 1486, the predecessor version of § 46110(a)); Fleming v. U.S. Dep't of Transp., 348 F. App'x 736, 737 (3rd Cir. 2009) (district courts lack jurisdiction to modify, amend, or set aside final orders of the FAA).

3

Plaintiffs' opposition is based on their interpretation of the FAA Order at issue, making it precisely the type of challenge that Section 46110(a) allocates to the appellate courts. In responding to FAA's motion to dismiss, Plaintiffs argue that subject matter jurisdiction lies in the District Court because the FAA Order purportedly limits Frontier's operations to two flights a week. (Pl. Resp. at 1, 2, 10, 18). Plaintiffs assert that this purported flight limitation makes Frontier's additional flights unauthorized by an FAA order that would trigger Section 46110 review, and therefore the Court may review FAA's NEPA compliance. (Id. at 18, 23, 31).

Plaintiffs misread the FAA Order. Nothing on the face of the Order limits Frontier to two flights per week. Instead, the order simply adds Trenton Airport as "a regular airport" to Frontier's OpSpecs (FAA Brief, Exhibit B.). Once FAA approves service to an airport through an OpSpecs amendment,[1] an airline may add or change service to the airport in response to market conditions. That has been the law for more than thirty-five years, since the passage of the Airline Deregulation Act of 1978 ("ADA"), 92 Stat. 1705, in 1978. The ADA expressly prohibits the FAA from "preventing an air carrier from adding or changing schedules … to satisfy business development and public demand." 49 U.S.C. § 41109(a)(2)(B). The FAA pointed this out to Plaintiffs eleventh months before this lawsuit commenced, explaining, "[o]nce an airport has been added to the airline's Op Specs, under the Airline Deregulation Act of 1978,

---

[1]    As the FAA explained in its brief, an airline's operating certificate includes the stipulation that the air carrier's operations must be conducted in accordance with the provisions and limitations specified in the carrier's OpSpecs. 14 C.F.R. § 119.5(g)(l). One component of the OpSpecs includes "each regular and alternate airport to be used in scheduled operations[.]" 14 C.F.R. § 119.49(a)(4). Therefore, if an airline wants to serve a particular airport in its scheduled operations, it must seek FAA approval of an amendment to its OpSpecs. The FAA may approve a carrier's request to amend its OpSpecs if the FAA "determines that safety in air commerce and the public interest require the amendment[.]" 14 C.F.R. § 119.51(a). Nowhere do these regulations require or even permit the FAA to limit the frequency of operations by a carrier at a particular airport, as that would be contrary to the Airline Deregulation Act.

the airline is free to determine the level of service provided at that airport without any further FAA approval."  (Compl. Ex. 6, at 1).

 This dispute between Plaintiffs, FAA, and Frontier over the meaning of the Order falls squarely within the appellate jurisdiction provisions of Section 46110(a).  The plain language of Section 46110(a) calls for "review of the order[s]" of FAA in the appellate courts.  49 U.S.C. § 46110(a).  Review of the FAA Order is inextricably intertwined with Plaintiffs' request for relief, which hinges on reading the Order to limit Frontier to two weekly flights.  The Third Circuit in Fleming interpreted Section 46110(a) broadly to preclude district court review of FAA proceedings:  "As numerous courts have held, when the resolution of a plaintiff's claims in federal court requires an examination of the underlying FAA proceedings, the district courts lack subject matter jurisdiction over any such claims."  Fleming, 348 F. App'x at 736.  Relying on Fleming, Chief Judge Simandle recently dismissed a NEPA challenge over an FAA order for lack of subject matter jurisdiction, the same result that should be reached here.  See Bellocchio v. New Jersey Dep't of Envtl. Protection, 16 F. Supp. 3d 367, 375 (D.N.J. 2014).

 Plaintiffs attempt to distinguish Fleming, Bellocchio and the numerous adverse cases interpreting Section 46110(a) by arguing that, because the FAA issued its Order in letter form in response to Frontier's letter request for an OpSpec amendment, the administrative record here is inadequate.  The Plaintiffs are wrong for two reasons.  First, the actual FAA Order was the amended OpSpec issued by the FAA to Frontier.  That the OpSpec was forwarded to Frontier by letter is of no consequence.  Second, an agency letter can constitute an Order.  The Third Circuit has held that FAA correspondence may provide an adequate record for judicial review under 49 U.S.C. § 46610(a).  Aerosource, Inc. v. Slater, 142 F.3d 572, 578 n.10 (3d Cir. 1998) (finding an adequate record to review whether FAA letters were final orders).  An FAA order "need not be a

formal order, the product of a formal decision-making process, or be issued personally by the [FAA] Administrator." Id. Rather, the Third Circuit held that an order must impose an obligation, deny a right, or create a legal relationship, such as the FAA Order here that authorizes Frontier to serve Trenton. Id. Consistent with the Third Circuit's ruling, numerous courts have held that letters qualify as orders under 49 U.S.C. § 46610(a).[2]

Moreover, the quality of the administrative record goes to the merits of the challenge, not subject matter jurisdiction. Section 46110's text and structure make plain that jurisdiction and the adequacy of the administrative record are separate inquiries. 49 U.S.C. § 46110(a). Section 46110(a) vests jurisdiction in the appellate courts and mentions nothing about the adequacy of the administrative record as a precondition to jurisdiction. In contrast, Section 46110(b) requires that once jurisdiction is accepted, FAA must file with the appellate court "a record of any proceeding in which the order was issued …." 49 U.S.C. § 46110(b). In the event of deficiencies with the record, Section 46110(c) specifies that the appellate court "may order … further [administrative] proceedings."  49 U.S.C. § 46110(c). Consistent with this reading of Section 46110, the D.C. Circuit has held that  the "lack of an adequate agency record to review does not eliminate a circuit court's jurisdiction, but rather requires the court to remand to the agency so

---

[2]        Aerosource, 142 F.3d at 577 ("[L]etters and other communications can be final orders depending upon the surrounding circumstances and other indicia of finality."). Accord Amerijet International, Inc. v. Pistole, 753 F.3d 1343, 1349 (D.C. Cir. 2014) (holding that TSA letters constituted "orders" under 49 U.S.C. § 46110(a) because the letters had "legal consequences" and were the "consummation of the agency's decision-making process"); SecurityPoint Holdings, Inc. v. TSA, 769 F.3d 1184, 1187 (D.C. Cir. 2014) (same); City of Dania Beach, Fla. v. F.A.A., 485 F.3d 1181, 1187 (D.C. Cir. 2007) (FAA letter qualified as order Section 46110(a)); San Diego Air-Sports Ctr., Inc. v. FAA, 887 F.2d 966, 969 (9th Cir. 1989) (reviewing FAA letter as an order under the predecessor to 49 U.S.C. § 46110(a)); Green v. Brantley, 981 F.2d 514, 518–19 (11th Cir.1993) (holding that a letter notifying plaintiff of the revocation of his Designated Pilot Examiner authority was an "order" under Section 46110 (then numbered Section 1486)).

the agency can provide a record for review." Safe Extensions, Inc. v. FAA, 509 F.3d 593, 599

(D.C. Cir. 2007) (citing Florida Power & Light Co. v. Lorion, 470 U.S. 729 (1985)).

In arguing for subject matter jurisdiction, Plaintiffs rely on a series of antiquated and

inapposite NEPA decisions from other jurisdictions.  None of these cases, including Plaintiffs'

principal case, State of Illinois ex rel. Scott v. Butterfield, 396 F. Supp. 632 (N.D. Ill. 1975),

analyzed subject matter jurisdiction under 49 U.S.C. § 46110 or its predecessors.[3]  "When a

potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision

does not stand for the proposition that no defect existed." Arizona Christian Sch. Tuition Org. v.

Winn, 131 S. Ct. 1436, 1448, 179 L. Ed. 2d 523 (2011) (citations omitted).

Nor do Plaintiffs' NEPA cases, most of which are from the 1970s, reflect current aviation

law.  In 2003, Congress amended Section 46110(a) to make clear that the appellate courts

enjoyed exclusive jurisdiction over FAA Orders that implicate airport development and noise,

which are governed by Part B of the aviation subtitle of Title 49.  See Vision 100—Century of

Aviation Reauthorization Act, Pub. L. No. 108-176117 Stat. 2490, § 228.  That amendment

abrogated a handful of appellate cases that had allowed NEPA challenges to FAA orders,

including noise complaints, to proceed in district court.  See, e.g., St. John's United Church of

Christ v. City of Chicago, 401 F. Supp. 2d 887, 903 n.10 (N.D. Ill. 2005) (explaining that the

legislative history of the 2003 amendments to Section 46110(a)), aff'd, 502 F.3d 616 (7th Cir.

2007).  As the Conference Report to the 2003 amendment explained, Congress intended "to

clarify that decisions to take actions authorizing airport development projects are reviewable in

the circuit courts of appeals under section 46110, notwithstanding the nature of the petitioner's

---

[3]      Out of all of the old NEPA cases that Plaintiffs cite, only City of Irving v. FAA, touches upon the
issue of exclusive appellate jurisdiction over FAA actions, but the cursory analysis in that case is dicta because
no FAA order was at issue.  City of Irving v. FAA, 539 F. Supp. 17 (N.D. Tex. 1981).

objections to the decision." H.R. Conf. Rep. 108-334, at 160-161. Plaintiffs' noise complaints about Frontier's operations at Trenton were required to be filed only in the U.S. Court of Appeals.

## II.     PLAINTIFFS' CLAIM IS TIME BARRED.

Congress set a 60 day statute of limitations for challenging FAA orders unless a plaintiff can prove a reasonable ground for tolling the limitations period. 49 U.S.C. § 46110. Plaintiffs waited more than a year to file suit after learning of Frontier's expanded operations at Trenton Airport, as explained in our opening brief. (Frontier MTD, at 3-5). News reports appended to Plaintiffs' complaint show that Plaintiffs were aware of Frontier's operations by November 2012 at the latest. (Compl. Ex. 2). In April 2013, Plaintiffs' counsel first wrote FAA to threaten litigation (Compl. Ex. 4, at 2). Plaintiffs then did nothing to secure their rights in court. Instead, what followed was a prolonged exchange of correspondence between Plaintiffs and FAA during which Plaintiffs took months to respond to FAA's letters. (Compl. Ex. 4, 6, 7).

Plaintiffs assert that FAA secreted its Order, and they claim surprise that the Order allowed more than two flights per week. (E.g., Pls. Br. at 22). The undisputed facts, as shown by the exhibits to Plaintiffs' complaint, tell a different story. In April 2013, a year before the lawsuit was filed, Plaintiffs wrote to FAA to complain of Frontier's "actual and planned heavy usage of the Airport" and threatened a preliminary injunction against FAA. (Compl. Ex. 4, at 2). In May 2013, FAA informed Plaintiffs that the FAA Order was the subject of a categorical exclusion from NEPA, meaning that there would be no NEPA analysis of Frontier's operations. (Compl. Ex. 6). Despite knowing that FAA would conduct no NEPA analysis of alleged heavy usage of Trenton Airport, Plaintiffs waited nearly a year to file suit. Plaintiffs have failed to show excusable delay. Their action is time barred.

Indeed, Plaintiffs' unreasonable delays continue in this litigation, barring its claim no matter what happened before the case was filed.  On August 18, 2014, FAA filed its motion to dismiss, attaching a copy of the FAA Order.  That same motion advised Plaintiffs in the brief that subject matter jurisdiction lies in the U.S. Court of Appeals.  Rather than filing a petition for review in the proper court at that point, Plaintiffs continued to sit on their rights.  Now, 119 days have passed, again making it too late to file.  Plaintiffs' most recent delays are "even less excusable when the FAA advised the petitioner of the correct remedies or procedures to follow … and when . . . [the] procedural missteps were based on based on a misapprehension of the law." Americopters, LLC v. FAA, 441 F.3d 726, 734 (9th Cir. 2006) (citation omitted).  Thus, in Americopters, the Ninth Circuit dismissed an appellate petition challenging an FAA order as untimely because plaintiffs improperly filed a complaint in district court and proceeded to litigate there over FAA's objection.  Id.  The Eleventh Circuit recently followed the Ninth Circuit holding that a challenge under Section 46110(a) was untimely because a plaintiff filed in district court and litigated over jurisdiction, rather than filing a concurrent challenge in the court of appeals.  Corbett v. TSA, 767 F.3d 1171, 1178-79 (11th Cir. 2014).  Citing a 1991 decision, the Eleventh Circuit recently reiterated that it is prudent to "file concurrent petitions in multiple courts where jurisdiction is not clear." Id.  at 1179 (citing Greater Orlando Aviation Authority v. FAA, 939 F.2d 954, 959-60 (11th Cir. 1991), abrogated on other grounds, Corbett, 767 F.3d at 1174.

Plaintiffs argue that their challenge is timely because the FAA never responded to their request to reconsider approval of Frontier's operation and conduct an environmental analysis. (Pl. Response at 3).  Plaintiffs never filed a petition for reconsideration – they merely sent the April 2013 letter stating that "unless…the FAA promptly agree[s] to limit Frontier Airlines to a

minimal number of flights into and out of the airport while an EIS and Part 150 Study are performed, [plaintiffs] may have no alternative but to commence legal action a second time…" (Compl. Ex 4 at p. 6).  This threat to litigate is not a petition for reconsideration. Even if the court were to construe this as a petition for reconsideration which was "filed" with the FAA by mention in a letter, the FAA did in fact respond to this letter in May 2013.  Eleven months passed before Plaintiffs filed their complaint.

III.    **PLAINTIFFS HAVE ALREADY CONCEDED THAT FRONTIER SHOULD BE DISMISSED FROM THIS CASE.**

In responding to the motions to dismiss, Plaintiffs tacitly admitted that they lacked a plausible claim against Frontier and therefore gave "consent to dismissal of Frontier… unless the court deems [it] an indispensable part[y]."  (Pl. Response at 1.).  As a result of that concession, Plaintiffs ignored Frontier's motion to dismiss, waiving any arguments in response to the motion. Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994).  Having chosen not to respond to Frontier's motion and suggesting that claims against Frontier be dismissed, Plaintiffs nevertheless filed a proposed amended complaint that continues to name Frontier as a defendant.  Had Plaintiffs wished to keep Frontier in the litigation, they had to respond to Frontier's motion.  Frontier can be dismissed for that reason alone.   See  D'Angio v. Borough of Nescopeck, 34 F. Supp. 2d 256 (M.D. Pa., 1999) (deciding that the plaintiff's failure to address particular claim in his brief in opposition to defendants' motion to dismiss amounted to waiver of that claim).

## <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiffs' Complaint should be dismissed with prejudice.

Dated: December 15, 2014                    Respectfully submitted,


                                            *s/John E. Flaherty*
                                            John E. Flaherty
                                            Ravin R. Patel
                                            McCARTER & ENGLISH, LLP
                                            Four Gateway Center
                                            100 Mulberry Street
                                            Newark, New Jersey 07102
                                            (973) 622-4444

                                            Robert E. Cohn
                                            Justin A. Savage
                                            Emily E. Kimball
                                            HOGAN LOVELLS U.S. LLP
                                            555 Thirteenth Street, N.W.
                                            Washington, D.C. 20004

                                            *Attorneys for Defendant Frontier Airlines, Inc.*

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 15, 2014, I caused a copy of DEFENDANT

FRONTIER AIRLINES, INC.'s REPLY IN SUPPORT OF ITS MOTION TO DISMISS

PLAINTIFFS' COMPLAINT, to be served via ECF and/or e-mail upon counsel of record.


By:     s/ *John E. Flaherty*
              John E. Flaherty