```
PAUL J. FISHMAN
United States Attorney
By: J. ANDREW RUYMANN
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, New Jersey 08608
(609) 989-2190
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRRAM, INC., et al., | : |
| | : |
| Plaintiffs, | : Hon. Joel A. Pisano |
| | : |
| v. | : Civ. Action No. 14-2686(JAP) |
| | : |
| UNITED STATES FEDERAL | : |
| AVIATION ADMINISTRATION, | : |
| et al., | : |
| | : |
| Defendants. | : Document Electronically Filed |
| | : |

**FEDERAL DEFENDANT'S REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

INTRODUCTION

Defendant, United States Federal Aviation Administration ("FAA"), respectfully submits this Memorandum in reply to plaintiffs' opposition to the FAA's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiffs, a Pennsylvania non-profit corporation and ten individuals who live or work beneath the path of flights from and into Trenton-Mercer County Airport ("TTN"), challenge the FAA's decision authorizing Frontier Airlines, Inc. ("Frontier") to provide commercial passenger service to TTN. Plaintiffs assert that the FAA violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332, by allegedly failing to perform a comprehensive environmental impact analysis, including a noise analysis, prior to approving Frontier's expansion of operations to TTN. In addition to the FAA, plaintiffs name Frontier and the Mercer County Board of Chosen Freeholders ("Mercer County"), identified as the owners of TTN, as defendants.

By their Complaint, which purports to be an action brought under NEPA, federal regulations and the Administrative Procedures Act, 5 U.S.C. § 701, et seq., plaintiffs seek an order from this Court 1) enjoining Frontier from any increase or expansion of service beyond current service levels at TTN until the FAA has prepared an

1

environmental assessment pursuant to NEPA, 2) enjoining Mercer County from taking any action which would enable or facilitate Frontier's increase or expansion of service at TTN until the requirements of NEPA are satisfied and 3) compelling the FAA to prepare an environmental assessment addressing the full range of environmental impacts resulting from Frontier's use of TTN.

On August 18, 2014, the FAA moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). In support of the motion to dismiss, the FAA filed a Declaration from Bruce A. Montigney, Manager of the FAA's Flight Standards District Office, and a Memorandum in Support of Motion to Dismiss ("Supporting Memorandum"), in which the FAA demonstrated that this Court lacks subject matter jurisdiction because the courts of appeals have exclusive jurisdiction to review final orders of the FAA and plaintiffs' claims are time-barred.  The other defendants, Frontier and Mercer County, also moved to dismiss the Complaint on August 18, 2014.

On November 12, 2014, plaintiffs responded to defendants' motions by filing declarations from 32 residents of Bucks County, Pennsylvania, and 4 residents of Mercer County, New Jersey, and a Memorandum in Response to Motions to Dismiss Pursuant to Fed. R. Civ. 12(b)(1) and 12(b)(6) ("Plaintiffs' Opposition").  In opposition to

defendants' argument that this Court does not have subject matter jurisdiction over the instant action, plaintiffs argued that the FAA never issued an order granting Frontier authorization to expand service at TTN beyond two flights per week and this Court can compel the FAA to review the environmental and safety impacts pursuant to NEPA of Frontier's expansion of service to TTN beyond two flights per week, (Plaintiffs' Opposition, pp. 19-24), the FAA's refusal to initiate an environmental and safety review of Frontier's expansion of service beyond two flights per week is arbitrary, capricious and contrary to law, (Plaintiffs' Opposition, pp. 28-30), and the cases relied upon by the FAA are distinguishable from and do not control the instant situation.  (Plaintiffs' Opposition, pp. 31-35). Further, plaintiffs argued that the 60-day time period to challenge the FAA's decision authorizing Frontier to provide commercial passenger service to TTN should be tolled.  (Plaintiffs' Opposition, pp. 24-28).

Plaintiffs' arguments do not save the Complaint from dismissal.

ARGUMENT

**A. Plaintiffs' arguments that this Court has subject matter jurisdiction over the instant matter are without merit.**

Plaintiffs' arguments that this Court has subject matter jurisdiction – or said another way, that the courts of appeals does not have exclusive jurisdiction over plaintiffs' claims – are based upon a misimpression that the FAA's approval of the amendment to Frontier's operations specifications ("OpSpecs") did not permit flights beyond two flights per week at TTN, an erroneous belief that the FAA did not meet its obligations under the NEPA when it approved the amendment to Frontier's OpSpecs, a misunderstanding of the exclusive review provision of 49 U.S.C. § 46610 and a misperception of the relevant case law.  (Plaintiffs' Opposition, pp. 19-24 and pp. 28-35).  In short, plaintiffs' arguments that this Court possesses subject matter jurisdiction are misguided.

**1. Plaintiffs misconstrue the FAA's decision approving of the amendment of Frontier's OpSpecs.**

Once the FAA approved the amendment to Frontier's OpSpecs to permit it to operate at TTN, Frontier was free to determine which other airports approved in its OpSpecs it will serve from TTN, as well as the number of flights it will provide.  Those matters are considered to be business decisions made by the carrier without FAA involvement.  (Montigney Dec., para. 11).  Contrary to plaintiffs'

4

position, Frontier was not required to seek approval from the FAA to provide more flights than the two flights per week listed in its letter, dated September 19, 2012, requesting an amendment of its OpSpecs to permit it to serve TTN as a regular airport.

Plaintiffs' erroneous position contradicts the Airline Deregulation Act of 1978 ("ADA"), Pub. L. No. 95-504, 92 Stat. 1705, which phased out forty years of government regulation of aviation rates, routes, and services to permit airlines to fly where passenger demands dictates and to charge fares based on market conditions.  See 49 U.S.C. § 41109(a)(2)(B)("The Secretary of Transportation …(B) may not prescribe a term preventing an air carrier from adding or challenging schedules, equipment, accommodations, and facilities for providing the authorized transportation to satisfy business development and public demand.").  As a result of deregulation, there is no fixed regulatory limit on the number of flights an air carrier can offer.  Flights at an airport are limited by weather, the operational capacity of the airport and airways, gate space and other airport infrastructure, staff and equipment available to an air carrier; safety and air traffic control requirements imposed by FAA, and the economic viability of routes and competition from other carriers.[1]

---

[1] The FAA has the authority to regulate the number of operations at

Accordingly, the FAA's decision approving Frontier's OpSpecs to include service to TTN is the FAA order applicable to plaintiffs' claims.  As previously argued in the FAA's Supporting Memorandum at pages 7 to 12, exclusive jurisdiction to review such a final order of the FAA lies in the courts of appeals.  See 49 U.S.C. § 46110(a); Fleming v. U.S. Dept. of Transp., 348 Fed. Appx. 736, 737 (3d Cir. 2009).

### 2. Plaintiffs erroneously contend that the FAA ignored and failed to comply with NEPA.

In compliance with NEPA, the FAA determined that the amendment of Frontier's OpSpecs was subject to a categorical exclusion.  (Complaint, paras. 49-50 and Ex. 6).  Plaintiffs' contention that the FAA somehow ignored NEPA and must now be compelled to follow the NEPA is erroneous.

NEPA requires a federal agency to prepare an environmental impact statement (EIS) for "proposals for legislation and other major federal actions significantly affecting the quality of the human environment."  42 U.S.C. §4332(2)(c).  NEPA's "mandate to the agencies is essentially procedural" and is designed "to insure a fully informed and well-considered decision."  Vermont Yankee

---

an airport in the interest of safety. At this time three airports are subject to these limitations. One additional airport is subject to a High Density Rule, 14 C.F.R. part 93.  TTN Is not among those airports.

<u>Nuclear Power Corp. v. Natural Resources Defense Council, Inc.</u>, 435 U.S, 519, 558 (1978).

Pursuant to NEPA's implementing regulations promulgated by the Council on Environmental Quality (CEQ), federal agencies may exclude from NEPA review "categor[ies] of actions which do not individually or cumulatively have a significant effect on the human environment and which have been found to have no such effect in procedures adopted by a Federal agency in implementation of these regulations … and for which, therefore, neither an environmental assessment [EA] nor an environmental impact statement is required." 40 C.F.R. §1508.4. An agency's list of categorical exclusions must be published in the Federal Register, be subjected to public comment, and submitted for review by CEQ.  40 C.F.R. §1507.3(a), (b).  Additionally, the agency's procedures regarding categorical exclusions "shall provide for extraordinary circumstances in which a normally excluded action may have a significant environmental effect," thus requiring an EA or EIS. 40 C.F.R. §1508.4.

With CEQ's concurrence, the FAA determined which of its activities could constitute categorical exclusions in promulgating its "Policies and Procedures for Considering Environmental Impacts." FAA Order 1050.1E.[2]  These categorical exclusions include, among

---

[2] This categorical exclusion was also contained in earlier versions

7

other actions, an FAA action to approve: "[o]perating specifications and amendments that do not significantly change the operating environment of the airport". Order 1050.1E, paragraph 308d. Thus, unless extraordinary circumstances exist, these types of actions may be categorically excluded from further analysis pursuant to NEPA.

At the time the FAA approved the amendment of Frontier's OpSpecs to include TTN, the FAA determined that the amendment qualified as a categorically excluded action. (Complaint, Ex. 6, p. 1). Plaintiffs' apparent contention that the amendment of the OpSpecs did not trigger a decision by the FAA under NEPA is simply wrong.

>    **3. Regardless of how plaintiffs cast their Complaint or characterize the FAA's actions, the lawsuit challenges the FAA's approval of the amendment to Frontier's OpSpecs.**

Whether or not the FAA met its obligation under NEPA in categorically excluding its decision to approve the requested amendment to Frontier's OpSpecs, exclusive jurisdiction lies in the courts of appeals under 49 U.S.C. § 46110(a). See Fleming, 348 Fed. Appx. at 737; Bellocchio v. New Jersey Dept. of Environmental Protection, 2014 WL 1464814, at *5 (D.N.J. April 15, 2014). The Complaint is not saved from dismissal by plaintiffs' characterization of the Complaint as an action to compel NEPA

---

of the Order, 1050.1C and 1050.1D. FAA Order 1050.1E can be found at www.faa.gov/documentLibrary/media/Order/1050.1E.pdf.

compliance, plaintiffs' argument that the FAA's actions were arbitrary, capricious and contrary to law, or plaintiffs' assertion that no administrative record exists.  Regardless of how plaintiffs cast their Complaint and characterize the FAA's actions, plaintiffs challenge the FAA's order approving the amendment to Frontier's OpSpecs.  As previously argued in the FAA's Supporting Memorandum at pages 10 to 12, the more narrowly drawn jurisdictional provision – that is, 49 U.S.C. § 46110(a) – is determinative.  "[W]hen review of an agency order is at issue and when Congress has vested exclusive jurisdiction over that review in the Courts of Appeals, NEPA does not provide independent grounds for district court jurisdiction." City of Alexandria v. Helms, 728 F.2d 643, 646 (4th Cir. 1984).  See also City of Rochester v. Bond, 603 F.2d 927, 936 (2d Cir. 1979)("the district court may not exercise concurrent jurisdiction merely because a violation of NEPA is alleged").

**4. Plaintiffs rely upon inapplicable case law.**

Plaintiffs' argument that this Court has jurisdiction to compel NEPA compliance erroneously rests upon inapplicable NEPA decisions, namely State of Illinois ex rel. Scott v. Butterfield, 396 F. Supp. 632 (N.D. Ill. 1975), which did not analyze subject matter jurisdiction under 49 U.S.C. § 46110 or its predecessors.

9

### 5. Plaintiffs cannot distinguish the established case law supporting dismissal of this lawsuit.

Plaintiffs' attempt to distinguish the weight of judicial precedent interpreting the exclusive-review provision of 49 U.S.C. § 46110 from the instant case is misguided. Plaintiffs argue that the numerous cases relied upon by the FAA stating that exclusive jurisdiction for the review of an FAA final order lies in the courts of appeals, including the Third Circuit's decision in <u>Fleming</u> and this Court's recent decision in <u>Bellocchio</u>, are inapplicable here because those cases dealt with challenges to the inadequacies of FAA environmental reviews conducted openly and publicly pursuant to the NEPA, which, plaintiff contends, is not the situation in the instant case. (Plaintiffs' Opposition, pp. 31-35). Plaintiffs' argument is not grounded in fact or law as it 1) is contrary to the established precedent that "when the resolution of a plaintiff's claims in federal court requires an examination of the underlying FFA proceedings, the district courts lack subject matter jurisdiction over any such claims," <u>Fleming</u>, 348 Fed. Appx. at 736; 2) misconstrues the exclusive-review provision of 49 U.S.C. § 46110; 3) ignores the fact that the FAA took an action under NEPA when it determined that the amendment of Frontier's OpSpecs was subject to a categorical exclusion, (Complaint, paras. 49-50 and Ex. 6); 4) fails to comprehend that an action by the FAA to apply a categorical exclusion

10

is reviewable, under 49 U.S.C. § 46110, in the courts of appeals, see <u>West v. FAA</u>, 320 Fed. Appx. 782 (9th Cir. 2009)(involving petition for review brought in court of appeals, pursuant to 49 U.S.C. § 46110, challenging FAA's categorical exclusion decision); <u>Marshfield v. FAA</u>, 552 F.3d 1 (1st Cir. 2008)(same); and 5) improperly attempts to use the quality or adequacy of the administrative record or process as a jurisdictional basis.

**B. Plaintiffs' argument that the statute should be tolled is without support.**

In an effort to excuse the late filing of their lawsuit, plaintiffs contend they did not file earlier for four reasons: 1) the FAA order was never publicly issued; 2) even if they knew about the FAA order approving the amendment to Frontier's OpSpecs, the order was not of NEPA significance because, they contend, it only authorized two flights per week; 3) they believed the NEPA process would be triggered; and 4) because the FAA previously pledged to do a noise analysis, they waited to file until that study, which was not forthcoming, was released.  (Opposition Memorandum, pp. 24-28). Plaintiffs' contentions are without support as plaintiffs were clearly aware of the environmental compliance issue raised in the lawsuit, and possessed all of the relevant facts, no later than the middle of 2013 as plaintiff BRRAM asserted a violation of NEPA in connection with the FAA's approval of the expansion of Frontier's

11

operations to TTN in its letter to the FAA of April 24, 2013, (Complaint, Ex. 4), and the FAA, in a letter dated May 28, 2013, addressed BRRAM's allegation and indicated that Frontier's operations at TTN would continue. (Complaint, Ex. 6). Yet, plaintiffs did not file their lawsuit until April 28, 2014.

## CONCLUSION

For the reasons set forth above and the reasons previously advanced in the FAA's Supporting Memorandum, this Court should dismiss the Complaint, with prejudice, in its entirety.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

s/ J. Andrew Ruymann

By:  J. ANDREW RUYMANN
Assistant U.S. Attorney

Dated: December 15, 2014