```
PAUL J. FISHMAN
United States Attorney
By: J. ANDREW RUYMANN
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, New Jersey 08608
(609) 989-2190
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRRAM, INC., et al., :  <br>   :  <br>     Plaintiffs, : | Hon. Joel A. Pisano |
|     : | |
|     v.   : | Civ. Action No. 14-2686(JAP) |
|     : | |
| UNITED STATES FEDERAL : <br> AVIATION ADMINISTRATION, : <br> et al., : | |
|     : | |
|     Defendants. : | Document Electronically Filed |
|     : | |

**FEDERAL DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO AMEND**

I.   PRELIMINARY STATEMENT

Defendant, United States Federal Aviation Administration ("FAA"), respectfully submits this Memorandum in opposition to plaintiffs' Motion to Amend the Complaint and contends that the amendment sought by plaintiffs is futile as the proposed First Amended Complaint, if filed, would be subject to immediate dismissal. For the same reasons raised in the FAA's pending motion to dismiss the original Complaint, the proposed pleading, if filed, must be dismissed:  the suit, which challenges the FAA's decision authorizing Frontier Airlines, Inc. ("Frontier"), to provide commercial passenger service to Trenton-Mercer County Airport ("TTN"), is barred because exclusive jurisdiction to review such a decision, a final order of the FAA, lies in the courts of appeals, pursuant to 49 U.S.C. § 46610, and it is untimely.

II.   STATEMENT OF THE CASE

A.   PLAINTIFFS' INITIAL COMPLAINT

In their Complaint, filed April 28, 2014, plaintiffs, a Pennsylvania non-profit corporation and ten individuals who live or work beneath the path of flights from and into TTN, challenged the FAA's decision authorizing Frontier to provide commercial passenger service to TTN.  Plaintiffs asserted that the FAA violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332, by

1

allegedly failing to perform a comprehensive environmental impact analysis, including a noise analysis, prior to approving Frontier's expansion of operations to TTN. In addition to the FAA, plaintiffs named Frontier and the Mercer County Board of Chosen Freeholders ("Mercer County"), identified as the owners of Trenton Airport, as defendants. (Docket Entry 1).

By the Complaint, which purported to be an action brought under NEPA, federal regulations and the Administrative Procedures Act, 5 U.S.C. § 701, et seq., plaintiffs sought an order from this Court 1) enjoining Frontier from any increase or expansion of service beyond current service levels at TTN until the FAA has prepared an environmental assessment pursuant to NEPA, 2) enjoining Mercer County from taking any action which would enable or facilitate Frontier's increase or expansion of service at TTN until the requirements of NEPA are satisfied and 3) compelling the FAA to prepare an environmental assessment addressing the full range of environmental impacts resulting from Frontier's use of TTN. (Docket Entry 1, p. 15).

B. PENDING MOTIONS TO DISMISS THE COMPLAINT

On August 18, 2014, all defendants moved to dismiss the Complaint. (Docket Entries 21, 23 and 24). The FAA moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ.

2

P. 12(b)(6).  In support of that motion, the FAA filed a Declaration from Bruce A. Montigney, Manager of the FAA's Flight Standards District Office, and a Memorandum in Support of Motion to Dismiss ("Supporting Memorandum"), in which the FAA demonstrated that 1) this Court lacks subject matter jurisdiction because the courts of appeals have exclusive jurisdiction to review final orders of the FAA pursuant to 49 U.S.C. §46110, see Fleming v. U.S. Dept. of Transp., 348 Fed. Appx. 736, 737 (3d Cir. 2009); Bellocchio v. New Jersey Dept. of Environmental Protection, 2014 WL 1464814 (D.N.J. April 15, 2014); and 2) plaintiffs' claims are time barred by 49 U.S.C. § 46110, which states that, in the absence of reasonable grounds for the late filing, a petition to review a final order of the FAA, in the court of appeals, "must be filed not later than 60 days after the order is issued." 49 U.S.C. § 46110.  (Docket Entry 24-1).  Frontier and Mercer County raised those two arguments, as well as others, in support of their respective motions to dismiss.  (Docket Entries 21-1 and 23-1).

On November 12, 2014, plaintiffs responded to defendants' motions, by filing declarations from 32 residents of Bucks County, Pennsylvania, and 4 residents of Mercer County, New Jersey, and a Memorandum in Response to Motions to Dismiss Pursuant to Fed. R. Civ. 12(b)(1) and 12(b)(6).  (Docket Entry 34).  In opposition to defendants' argument that this Court does not have subject matter

3

jurisdiction over the instant action, plaintiffs argued that the FAA never issued an order granting Frontier authorization to expand service at TTN beyond two flights per week and this Court can compel the FAA to review the environmental and safety impacts pursuant to NEPA of Frontier's expansion of service to TTN beyond two flights per week, the FAA's refusal to initiate an environmental and safety review of Frontier's expansion of service beyond two flights per week is arbitrary, capricious and contrary to law, and the cases relied upon by the FAA are distinguishable from and do not control the instant situation.  Further, plaintiffs argued that the 60-day time period to challenge the FAA's decision authorizing Frontier to provide commercial passenger service to TTN should be tolled. (Docket Entry 34).

The FAA's reply to plaintiffs' opposition, filed December 15, 2014, demonstrates that plaintiffs' arguments are without merit. Plaintiffs' arguments in support of subject matter jurisdiction are based upon a misimpression that the FAA's approval of the amendment to Frontier's OpSpecs did not permit flights beyond two flights per week at TTN, an erroneous belief that the FAA did not meet its obligations under NEPA when it approved the amendment to Frontier's OpSpecs, a misunderstanding of the exclusive review provision of 49 U.S.C. § 46110 and a misperception of the relevant case law.  (FAA

4

Reply Brief, pp. 4-11).  Plaintiffs' arguments that the late filing of their lawsuit should be excused are without support as plaintiffs were clearly aware of the environmental compliance issue raised in the lawsuit, and possessed all of the relevant facts, no later than the middle of 2013 as plaintiff BRRAM asserted a violation of NEPA in connection with the FAA's approval of the expansion of Frontier's operations to Trenton Airport in its letter to the FAA of April 24, 2013, and the FAA, in a letter dated May 28,2013, addressed BRRAM's allegation and indicated that Frontier's operations at TTN would continue.  Yet, plaintiffs did not file their lawsuit until April 28, 2014.  (FAA Reply Brief, pp. 11-12).

    C.   PLAINTIFFS' MOTION TO AMEND

On November 20, 2014, eight days after filing their opposition to the pending motions to dismiss, plaintiffs sought leave from this Court to amend the Complaint.  (Docket Entry 35).  According to plaintiffs' memorandum in support of the motion to amend, (Plaintiffs' Supporting Memorandum"), up until the time the FAA filed the Declaration of Bruce A. Montigney, and exhibits thereto, in support of the FAA's motion to dismiss, "the terms and requirements of [the] Ops Specs amendment" had not been disclosed, (Plaintiffs' Supporting Memorandum, p. 8) and that

> [i]n filing the original complaint, the plaintiffs reasonably believed that the Ops Specs amendment must have authorized

5

> Frontier to grow its operations at TTN into that of a high-Frequency commercial air carrier without any NEPA analysis or Process by the FAA.  But with the disclosure of the Ops Specs amendment we learned belatedly, that it specifically limits Frontier to **two flights per week** at TTN. The FAA has now indicated that it will not engage in any environmental or safety analysis whatever of the decision by Frontier to expand its usage of TTN to 62 or more flights per week, far in excess of the flight schedule in its Ops Specs amendment that was capped at two weekly flights.

(Plaintiffs' Supporting Memorandum, p. 3)(emphasis in original).

Plaintiffs advance two reasons for the proposed amendment. First, plaintiffs contend, the proposed amendment will add as plaintiffs three Bucks County municipalities, Lower Makefield, Upper Makefield and Yardley, whose citizens are negatively impacted by Frontier's flights.  (Plaintiffs' Supporting Memorandum, p. 8). Second, plaintiffs contend,

> the amendment informs the court and other parties that the plaintiffs' complaint is not against the actual terms of the Ops Specs amendment which limited Frontier to two flights per week.  Rather, the gravamen of the plaintiff's case is the FAA's apparent "policy" to not perform any environmental or safety analysis, pursuant to NEPA, prior to the airlines' expansion of operations to an extent far in excess of the schedule of flights proposed by Frontier Airlines and authorized by the FAA in an Ops Specs amendment.

(Plaintiffs' Supporting Memorandum, pp. 8-9).

Plaintiffs provided a proposed First Amended Complaint with their motion to amend.  That proposed pleading, which names the FAA, Frontier and Mercer County as defendants, summarizes the action as follows:

6

> This is an action for declaratory and injunctive relief against the United States Federal Aviation Administration (FAA) for its failure to perform the comprehensive environmental impact analysis mandated by the "National Environmental Policy Act" (NEPA) through the preparation of an Environmental Impact Statement (EIS) of the environmental and safety impacts of Frontier Airlines expansion of passenger jet service at TTN, located in Ewing Township, Mercer County, New Jersey, far beyond the two flights per week authorized in Frontier's operations specifications amendment ("Ops Specs").

(Proposed First Amended Complaint, para. 17).

The relief plaintiffs seek in their proposed First Amended Complaint includes an order from this Court 1) enjoining Frontier from any increase or expansion of service beyond current service levels at TTN until the FAA has prepared an environmental assessment pursuant to NEPA, and 2) compelling the FAA to prepare an environmental assessment addressing the full range of environmental impacts resulting from Frontier's use of TTN.  (Proposed First Amended Complaint, pp. 20-21 [Judicial Relief/Remedies]).

III. ARGUMENT

PLAINTIFFS' MOTION TO AMEND MUST BE DENIED BECAUSE THE AMENDMENT SOUGHT BY PLAINTIFF IS FUTILE.

A.  STANDARD OF REVIEW

Leave to amend under Fed. R. Civ. P. 15(a) is appropriately refused when the amendment would be futile.  A proposed amendment is futile when it would not survive a motion to dismiss (e.g., where the amendment fails to cure a jurisdictional defect).  Kanter v. Barella, 489 F.3d 170, 181 (3d Cir. 2007); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  Accordingly, claims which cannot be cured by any amendment should be dismissed with prejudice.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)(holding that dismissal without leave to amend is appropriate if amendment would be futile; McLaughlin v. United States, 2012 WL 1389642, *4 (D.N.J. April 20, 2012)(dismissing medical malpractice claim with prejudice where litigant failed to comply with the statute of limitations and equitable tolling not applicable).

B.  FOR THE SAME REASONS RAISED IN THE FAA'S PENDING MOTION TO DISMISS THE ORIGINAL COMPLAINT, THE PROPOSED PLEADING, IF FILED, MUST BE DISMISSED: THE SUIT, WHICH CHALLENGES THE FAA'S DECISION AUTHORIZING FRONTIER TO PROVIDE COMMERCIAL PASSENGER SERVICE TO TTN, IS BARRED BECAUSE EXCLUSIVE JURISDICTION TO REVIEW SUCH A DECISION, A FINAL ORDER OF THE FAA, LIES IN THE COURTS OF APPEALS, PURSUANT TO 49 U.S.C. § 46110, AND IT IS UNTIMELY.

Plaintiffs' proposed amendment will not save the lawsuit from dismissal.  The addition of three municipality plaintiffs and

plaintiffs' recasting of the suit are inconsequential. Whether plaintiffs characterize the suit as an action for declaratory and injunctive relief against the FAA for its alleged failure to comply with NEPA when Frontier allegedly expanded service beyond the two flights authorized in Frontier's OpSpecs amendment – as they do in the proposed First Amended Complaint – or as an action for declaratory and injunctive relief against the FAA for its failure to comply with NEPA prior to approving Frontier's expansion of operations to TTN – as they do in the original Complaint – plaintiffs' suit challenges the same FAA action – that is, the approval of the amendment to the Frontier OpSpecs – and is subject to dismissal for the same reasons previously advanced by the FAA in support of its pending motion to dismiss.

Since at least 1979, courts have recognized that 49 U.S. C. § 46110, and its predecessor, create exclusive jurisdiction in the courts of appeals to review final orders of the FAA. See, e.g., Jones v. United States, 625 F.3d 827, 829 (5th Cir. 2010)("Section 46110(a) of the Federal Aviation Act vests the exclusive jurisdiction over challenges to FAA orders in certain United States Courts of Appeals"); Fleming v. U.S. Dept. of Transp., 348 Fed. Appx. 736, 737 (3d Cir. 2009)("the courts of appeals have exclusive jurisdiction to affirm, amend, modify, or set aside orders of the FAA") (citing 49 U.S.C.

9

§ 46110); St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 630 (7th Cir. 2007)(holding that plaintiffs' NEPA challenge to FAA record of decision "falls within the exclusive jurisdiction of the court of appeals"); Friends of Richards-Gebaur Airport v. FAA, 251 F.3d 1178, 1184 (8th Cir. 2001) ("a court of appeals reviewing a petition for judicial review of an order of the FAA has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order"); Sierra Club v. U.S. Dept. of Transp., 753 F.2d 120, 121 (D.C. Cir. 1985)(challenging the FAA's amendment of Frontier Airlines' operations specifications and explaining that the court of appeals takes jurisdiction under 49 U.S.C. § 1486, the predecessor version of § 46110(a)); Sima Prods. Corp. v. McLucas, 612 F.2d 309, 313 (7th Cir. 1980) (affirming district court dismissal of complaint for lack of jurisdiction where plaintiffs challenged FAA regulations, explaining that "coherence and economy are best served if courts of appeals exercise their exclusive jurisdiction over final agency actions"); City of Elizabeth v. Blakey, 2007 WL 4415054, at *3 (D.N.J. Dec. 14, 2007) (dismissing complaint where plaintiff alleged that FAA violated NEPA because "the Court of Appeals has exclusive jurisdiction to review final orders [of the FAA]").

"As numerous courts have held, when the resolution of a plaintiff's claims in federal court requires an examination of the

underlying FAA proceedings, the district courts lack subject matter jurisdiction over any such claims."  <u>Fleming</u>, 348 Fed. Appx. at 737. This premise is well-settled and was recently followed by this Court in <u>Bellocchio v. New Jersey Dept. of Environmental Protection</u>, 2014 WL 1464814 (D.N.J. April 15, 2014), where Chief Judge Simandle found, in granting the FAA's Rule 12(b)(1) motion, that a NEPA challenge to FAA decisions concerning various projects at the Philadelphia International Airport implicated final orders of the FAA subject to 49 U.S.C. § 46110(a)'s grant of exclusive jurisdiction to the courts of appeals.  <u>Bellocchio</u>, 2014 WL 1464814, at *5.

 The NEPA challenges raised in the proposed First Amended Complaint and the original Complaint seek the same relief as to the FAA and implicate the same final order of the FAA - that is, the FAA's approval of the amendment to Frontier's OpSpecs.  Accordingly, if filed, the proposed First Amended Complaint would be subject to dismissal for lack of subject matter jurisdiction, as exclusive jurisdiction to review such a decision lies in the courts of appeals, pursuant to 49 U.S.C. § 46110.

 Moreover, plaintiffs' suit is time-barred.  The final order plaintiffs challenge – that is, the FAA's approval of an amendment to Frontier's OpsSpecs authorizing Frontier's expansion of operations to TTN – was issued on September 25, 2012.  Plaintiffs

11

filed this lawsuit on April 28, 2014, long after the 60-day period. As such their Complaint is time-barred unless "there are reasonable grounds for not filing by the 60th day." 49 U.S.C. § 46110; see also Belocchio, 2014 WL 146814 at *6 (noting that, even if the district court had jurisdiction over claims challenging FAA final orders, such claims would be time-barred); City of Elizabeth, 2007 WL 4415054 at *6 (challenge dismissed as time-barred because plaintiff filed well beyond the 60-day period).

These arguments – that this Court lacks subject matter jurisdiction over plaintiffs' lawsuit due to the application of the exclusive review provision of 49 U.S.C. § 46110 and plaintiffs' suit is time-barred by 49 U.S.C. § 46110 – were fully briefed in the FAA's memorandum supporting its motion dismiss, at Docket Entry 24-1, and the FAA's reply brief, filed December 15, 2014. Those two submissions supporting the FAA's motion to dismiss are incorporated by reference into this memorandum in opposition to plaintiffs' motion to amend.

Notably, the FAA's reply brief specifically addresses plaintiffs' flawed arguments - which are now reflected in plaintiff's proposed First Amended Complaint – that this Court has subject matter jurisdiction and can compel the FAA to comply with its NEPA obligations. (FAA's Reply Brief, pp. 4-10). Further, the reply

12

brief clearly refutes plaintiffs' erroneous contentions, argued in their opposition to the motion to dismiss and alleged in the proposed First Amendment Complaint, that the FAA never issued an order granting Frontier authorization to expand service at TTN beyond two flights per week and the FAA failed to meet its obligations under NEPA. Contrary to plaintiffs' contentions, 1) once the FAA approved the amendment to Frontier's OpSpecs to permit it to operate at TTN, Frontier was free to determine which other airports approved in its OpSpecs it will serve from TTN, as well as the number of flights it will provide, (FAA's Reply Brief, pp. 4-6); 2) the FAA's approval of the OpSpecs amendment did not limit Frontier to two flights per week, (FAA's Reply Brief, pp. 4-6); 3) as a result of the Airline Deregulation Act of 1978, there is no fixed regulatory limit on the number of flights an air carrier can offer, (FAA's Reply Brief, p. 5); 4) at the time the FAA approved the amendment of Frontier's OpSpecs to include TTN, the FAA took action under NEPA when it determined that the amendment qualified as a categorically excluded action, (FAA Reply Brief, pp. 6-8); 6) an action by the FAA to apply a categorical exclusion is reviewable, under 49 U.S.C. § 46110, in the courts of appeals, (FAA Reply Brief, p. 10); 7) regardless of how plaintiffs cast their lawsuit and characterize the FAA's action, plaintiffs' lawsuit challenges the FAA's order approving the

13

amendment to Frontier's OpSpecs.  (FAA Reply Brief, pp. 4-11); and 8) while plaintiffs were clearly aware of the environmental compliance issue raised in the lawsuit, and possessed all of the relevant facts, no later than the middle of 2013, plaintiffs ignored the 60-day filing deadline contained in 49 U.S.C. § 46110 and waited until April 28, 2014, to file suit in the wrong court.  (Reply Brief, pp. 11-12).

All of the above, as well as the briefs previously filed in support of the FAA's motion to dismiss, demonstrate that plaintiffs' proposed First Amended Complaint challenges the same FAA action at issue in the Complaint – the FAA's approval of the amendment to the Frontier OpSpecs – and, if filed, would be subject to dismissal.  Accordingly, the filing of the proposed First Amendment Complaint would be futile.

## IV.   CONCLUSION

For the reasons set forth above, this Court should deny plaintiffs' motion to amend.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

s/ J. Andrew Ruymann

By:  J. ANDREW RUYMANN
Assistant U.S. Attorney

Dated: December 15, 2014

14