POTTER AND DICKSON

ATTORNEYS AT LAW

194 NASSAU STREET

PRINCETON, NEW JERSEY 08542

(609) 921-9555

R. WILLIAM POTTER
MEMBER N.J. AND CA. BARS

PETER D. DICKSON
MEMBER N.J. AND D.C. BARS

TELECOPIER
(609) 921-2181

February 9, 2015

Hon. Douglas E. Arpert, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: BRRAM, Inc., et al. v. FAA, et al.
     <u>Civil Action No. 3:14-cv-02686-JAP-DEA</u>

Dear Judge Arpert:

  This law firm represents the plaintiffs in the above- captioned matter. Please accept this letter as plaintiffs' response to the letter dated February 5, 2015 submitted on behalf of "federal defendant Federal Aviation Administration ("FAA") and ... defendant Frontier Airlines, Inc. ("Frontier")" in which the defendants state that they "respectfully disagree with the plaintiffs' position that the court should hold oral argument on plaintiffs pending motion to amend."

  Additionally, defendants state that if "Your Honor has questions concerning any of the arguments advanced in plaintiff's reply brief to [defendants] opposition to the motion for leave to amend the complaint, especially the arguments not

previously raised by the plaintiffs in their memorandum in support of plaintiff's motion to amend the complaint and which remain unaddressed, and believes that additional input from the FAA and the other defendants would aid the court's decision, the FAA and Frontier would welcome the opportunity, at Your Honor's discretion, to file a sur-reply or participate in an oral argument concerning plaintiff's Motion to Amend."

Plaintiffs now offer their answer to the defendants positions:

1. Because the plaintiffs' motion for leave to amend and the defendants opposition are inextricably intertwined with the defendants' dispositive motions to dismiss the complaint for lack of jurisdiction, plaintiffs respectfully submit that this matter – raising critical environmental and public safety issues – should be heard and orally argued before the District Court Judge newly assigned to the case with the pending retirement of His Honor, Judge Pisano. In reiterating their request for oral argument before a Federal District Court Judge, Plaintiffs recognize that Fed. R. Civ. P. 72(b) (1) – (3) authorizes the magistrate judge to "hear a pretrial matter dispositive of a claim or defense" and render a "recommended disposition, including, if appropriate, proposed findings of fact" to which a party may file comments or objections within 14 days, before the matter is referred secondarily to a District Court judge for possible affirmance. However,

the principal cause of action is against an agency of the United States Government for its failure to perform certain statutory duties, and the defendants' principal arguments is lack of jurisdiction in the Federal District Court. Therefore, plaintiffs contend that the matter properly resides in the first instance with the District Court judge who can only benefit by entertaining oral argument before rendering a dispositive decision on the motion to amend.

2. Defendants' second request is that they be permitted to file a sur-reply brief concerning, "the arguments not previously raised by plaintiffs in their memorandum in support of plaintiff's motion to amend.. and which remain unaddressed." This is incorrect. Every one of the arguments plaintiffs raised in their reply brief was directly in response to the arguments made by the defendants in their opposition papers. See, e.g., page 12 of the FAA's opposition to the motion for leave to amend the complaint wherein the FAA incorporated by reference the FAA's memorandum supporting the motion to dismiss and FAA's reply brief filed Dec. 15, 2014. Thus, there is no justification for yet another round of briefs on essentially the same issue:   This court's jurisdiction to adjudicate the FAA's admitted failure to take any steps to comply with the National Environmental Policy Act (NEPA) on the specious theory that when the FAA approved Frontier Airlines request for certification to initiate exactly 2

daytime flights per week at Trenton Mercer Airport that this approval permitted the airline to expand the number and timing of flights exponentially "without further FAA involvement," in effect repealing NEPA, as well as safety reviews. This request appears to be defendants' effort to obtain "a second bite at the apple" and should be denied. However, if Your Honor does authorize defendants to file surreply briefs, plaintiffs respectfully request the opportunity to answer those briefs.

    Respectfully submitted,

    POTTER AND DICKSON

    */s/ R. William Potter*

    By R. William Potter